IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JOSHUA HICKMAN**                                                                                              **PLAINTIFF**

vs.                                   No. 6:22-cv-6101-SOH

**TEXARKANA TRUSS, LLC,**                                                                          **DEFENDANTS**
**RED RIVER LUMBER COMPANY, INC.,**
**and MICHAEL CRAVEN**

### ORIGINAL COMPLAINT

Plaintiff Joshua Hickman ("Plaintiff"), by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint ("Complaint") against Defendants Texarkana Truss, LLC, Red River Lumber Company, Inc., and Michael Craven (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Plaintiff was employed by and performed work for Defendant in Hot Springs County. Therefore, venue is proper within the Delta Division of the Western District of Arkansas pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Garland County.

7. Separate Defendant Texarkana Truss, LLC ("Texarkana Truss"), is a foreign limited liability company.

8. Texarkana Truss's registered agent for service of process is Michael Craven at 2705 Forest Avenue, Texarkana, Arkansas 71854.

9. Separate Defendant Red River Lumber Company, Inc. ("Red River Lumber"), is a foreign, for-profit corporation.

10. Red River Lumber's registered agent for service of process is Michael Craven at 2705 Forest Avenue, Texarkana, Arkansas 71854.

11. Separate Defendant Michael Craven ("Craven") is an individual and resident of Arkansas.

12. Defendants do business as Davis Lumber & Hardware.

## IV. FACTUAL ALLEGATIONS

13. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

14. Upon information and belief, the revenue generated from Texarkana Truss and Red River Lumber was merged and managed in a unified manner.

15. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

16. Craven is a principal, director, officer, and/or owner of Texarkana Truss and Red River Lumber.

17. Craven, in his role as an operating employer of Texarkana Truss and Red River Lumber, had the power to hire and fire Plaintiff, exercised supervisory authority over Plaintiff's work, and made decisions regarding Plaintiff's pay, or lack thereof.

18. Craven took an active role in operating Texarkana Truss and Red River Lumber and in the management thereof

19. Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

20. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that

have been moved in or produced for interstate commerce, such as vehicles, fuel, tools and equipment.

21. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

22. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

23. Defendant employed Plaintiff as a Yard Handler and Delivery Driver from October of 2021 until July of 2022.

24. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and paid him an hourly wage.

25. Defendant directly hired Plaintiff, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

26. In addition to his hourly wage, Plaintiff regularly received bonuses when he met certain quotas (hereinafter, "quota bonuses").

27. The quota bonuses are based on objective and measurable criteria.

28. Plaintiff expected to receive the quota bonuses and did in fact receive the attendance bonuses on a regular basis.

29. The quota bonuses were based on objective and measurable criteria.

30. Plaintiff expected to receive the bonuses when he met the required criteria.

31. Plaintiff regularly or occasionally worked in excess of forty hours per week throughout his tenure with Defendant.

32. Defendant did not include the quota bonuses that were paid to Plaintiff in his regular rates when calculating his overtime pay even though Plaintiff received bonuses in pay periods in which he also worked in excess of forty hours per week.

33. 29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34. Defendant violated the FLSA and AMWA by not including all forms of compensation, such as the attendance bonuses of Plaintiff in his regular rate when calculating his overtime pay.

35. Defendant deducted an hour per day from Plaintiff's time, purportedly to account for his lunch break.

36. However, Plaintiff was regularly required to work through lunch.

37. Therefore, the time Plaintiff spent working during lunch went uncompensated.

38. Plaintiff was occasionally required to return to work after he had already clocked out to assist with a job, and he was not allowed to clock in for this time.

39. Plaintiff worked hours off the clock in weeks in which he also worked hours over forty.

40. Plaintiff tracked his time using Defendant's electronic timekeeping system.

41. Defendant knew or should have known that Plaintiff regularly worked hours over 40 per week.

42. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA and AMWA.

## V. FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA

43. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

44. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

46. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

47. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5 times his regular rate for all hours worked in excess of 40 per week.

48. Defendant failed to pay Plaintiff for all hours worked.

49. Defendant knew or should have known that its actions violated the FLSA.

50. Defendant's conduct and practices, as described above, were willful.

51. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least

three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

52. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

53. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CLAIM FOR RELIEF—VIOLATION OF THE AMWA

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

55. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

56. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5 times regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

57. Defendant classified Plaintiff as nonexempt from the requirements of AMWA.

58. Defendant failed to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

59. Defendant failed to pay Plaintiff for all hours worked.

60. Defendant knew or should have known that its practices violated the AMWA.

61. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Joshua Hickman respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA and their related regulations;

D. An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JOSHUA HICKMAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com