## UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOSHUA HICKMAN** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:22-CV-6101-SOH** |
| | § | |
| **TEXARKANA TRUSS, LLC,** | § | |
| **RED RIVER LUMBER COMPANY,** | § | |
| **INC, and MICHAEL CRAVEN** | § | |
| **Defendants.** | § | |

---

### Defendants' Motion for Summary Judgment

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, Red River Lumber Company, Inc., and Michael Craven,[1] and for their Motion for Summary Judgment would respectfully show the Court that Plaintiff cannot prove his case claiming that Defendants did not pay him all of his wages, and therefore, summary judgment should be granted for the Defendants.

### I.  Initial Statement

This is a case for overtime wages brought pursuant to the Fair Labor Standards Act, 20 U.S.C. §201 *et. seq.,* and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et.seq.*, (AMWA).[2]  Plaintiff claims that while he worked for Defendants, they failed to pay him all of his wages.  Plaintiff claims that he worked overtime hours every week that he worked for

---

[1] A Joint Stipulation of Dismissal of Defendant, Texarkana Truss, LLC, was filed on or about January 22, 2024. (Doc. 26.)

[2] This was initially filed as a collective action, but Plaintiff's counsel did not pursue it.  Therefore, there is only one Plaintiff, Josh Hickman.

Defendants; that the bonuses he received were nondiscretionary; and that Defendants' actions were willful.

## II. Statement of the Case

### A. Overtime Pay

Plaintiff has not produced sufficient evidence of any alleged **additional** overtime work. While Plaintiff worked directly for Defendants – from December 2021 to July 2022 – Defendants paid Plaintiff for straight hours worked, overtime hours worked, and discretionary bonuses. Defendants maintained documentation of Plaintiff's hours worked every day of each week worked as documented by Plaintiff on the Defendants' computer system. (Exh. 3.) Plaintiff admits he has no documentation of the additional hours he claims he worked for Defendants. (Plf's depo., Exh. 1 , pp. 46, 60.) Plaintiff claims he was scheduled to work every week from 7am to 5pm, M-F, and 7-12 on Saturday. (*Id.,* pp. 35, 107.) But his testimony regarding the hours he actually worked is based solely on memory. He did not keep any notes, records, or logs that could substantiate his time estimates. (*Id.,* pp. 46, 60.) In Plaintiff's verified answers to interrogatories, Plaintiff swore under oath that he worked 80 hours **every week** while he worked for Defendants. (*Id.*, pp. 58-59.) Plaintiff does not account for sick days or leaving early while working for the Defendants. (*Id.*, pp. 46, 64, 71-72, 76, 95-96.) Plaintiff admits that while he signed the verification under oath, that answer was not true. (*Id.,* p. 60.) Plaintiff admits that, except for a few entries in the first couple of days in December he is unsure about, Defendants' Exhibit 2 listing the hours worked by Plaintiff while employed by Defendants are the hours Plaintiff clocked himself in and out. (*Id.,* pp. 74-78.) Plaintiff then states that he worked 2-3 hours of overtime every day, at least 5 days a week, for the entire time he worked for Defendants. (Plf's depo., Exh. 1, p. 61.) Finally, Plaintiff states it was not every week, but he does not know which weeks. (*Id.,* p. 109.)

Plaintiff admits that he complained once about his pay to Scotty, but when he was told it would be on the next check, Plaintiff never looked to see if it was there. It may have been there, he just did not pay attention to it. (*Id.,* pp. 78-79.)

## B. **Discretionary Bonus**

Plaintiff has not produced sufficient evidence to conclude that the bonuses were non-discretionary. Plaintiff cannot prove that the bonuses he received were not "determined at the sole discretion of the employer at or near the end of the period..." but were made pursuant to a "contract, agreement, or promise...." 29 CFR §778.211(a). Plaintiff claims that he "expected" to receive a bonus every time they were given out even though he knew he might not get one (Plf's depo., Exh. 1, p. 111.) Plaintiff also admits that not everyone received a bonus (*Id.,* pp.79-82); that he does not know how the bonuses were calculated (*Id.,* pp.79-82); that the bonuses were the same amount each time, but then he changed his testimony to show that they were not. (*Id.,* pp. 81 and 84.) Later, Plaintiff states that Scotty Smith determined who received the bonuses and they were calculated on performance. (*Id.,* pp. 81 and 84.) Defendants have produced Plaintiff's bonus pay records establishing that the bonus amounts were different each time. (Exh. 5.) Defendants have also attached an affidavit of Scotty Smith, (Exh. 6) wherein he states that he did not know how the bonuses were calculated; he did not determine who received bonuses; (upper management did); and they were not the same amount every time. It is clear from the bonus records, Plaintiff's vacillating testimony, and Scotty Smith's affidavit that the Defendants retained discretion both as to the fact of payment of a bonus and as to the amount until a time quite close to the end of the period for which the bonus is paid making them discretionary. 29 CFR §778.211(b).

## III. **Brief in Support**

In compliance with Local Rule 7.2, Defendants are also filing their brief consisting of a

concise statement of relevant facts and applicable law.   This brief and the exhibits attached thereto are incorporated herein by reference for all purposes.

### IV. <u>Statement of Material Facts</u>

In compliance with Local Rule 56.1, Defendants annex to this motion as Exhibit A, a separate, short, and concise statement of the material facts as to which they contend there is no genuine dispute to be tried.  This statement of material facts is incorporated herein by reference for all purposes.

### V.  <u>Conclusion</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, there are no genuine issues as to any material fact as to the claims asserted by the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Defendants, Red River Lumber Company, Inc., and Michael Craven pray that this Court grant their Motion for Summary Judgment and further grant any and all other relief to which they may be justly entitled whether at law or in equity.

Respectfully submitted,

/s/ Louise Tausch_____
**LOUISE TAUSCH**
Arkansas Bar No. 86212
Texas State Bar No. 19680600
Email: ltausch@arwhlaw.com

**ATCHLEY, RUSSELL, WALDROP &
HLAVINKA, LLP**
1730 Galleria Oaks Drive
Texarkana, Texas 75503
Tel 903-792-8246
Fax 903-792-5801

**ATTORNEY FOR DEFENDANTS,
RED RIVER LUMBER COMPANY, INC.,
and MICHAEL CRAVEN**

**Verification**

State of Texas          )
County of Bowie        )

 Before me, the undersigned authority, personally appeared Louise E. Tausch who, upon her oath, stated as follows:

 My name is Louise E. Tausch.  I am over the age of eighteen years, of sound mind, and competent to testify.  I have personal knowledge of the matters stated in this verification paragraph.  I am counsel of record and lead attorney for Defendants, Red River Lumber Company, Inc., and Michael Craven in the above-styled case.  Exhibit 1 to this motion contains true and correct excerpts of the deposition transcript of the Plaintiff, Josh Hickman. Exhibit 2 to this motion contains true and correct excerpts of the Plaintiff's Responses to Interrogatories.

Louise Tausch

To certify which witness my hand and seal of office on this date, 3/4/2024:

Notary Public, State of Texas

LEJEAN TERAVEST
NOTARY PUBLIC
STATE OF TEXAS
ID # 206528-6
My Comm. Expires  04-30-2025

## NOTICE OF ELECTRONIC FILING

I, Louise Tausch, attorney for Defendants, certify that I have electronically submitted a true and correct copy of the foregoing for filing in accordance with the Electronic Case Files System of the USDC – Western District of Arkansas, on March 4, 2024.

/s/ Louise Tausch
**LOUISE TAUSCH**