UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOSHUA HICKMAN<br>　　　　Plaintiff,<br><br>vs.<br><br>TEXARKANA TRUSS, LLC,<br>RED RIVER LUMBER COMPANY,<br>INC, and MICHAEL CRAVEN<br>　　　　Defendants. | §<br>§<br>§<br>§　CASE NO. 6:22-CV-6101-SOH<br>§<br>§<br>§<br>§<br>§ |

## Statement of Undisputed Material Facts

1. Plaintiff worked for Defendants from December 9, 2021, through July 13, 2022. (Plf's depo., Exh. 1, p. 50.)[1]

2. Plaintiff earned $11.75 per hour while at Labor Finders, and it was increased to $14 per hour when he was hired by Davis Lumber. (Exh.1, pp. 31, 52.)

3. Defendants maintained documentation of Plaintiff's hours worked every day of each week worked. (Exh. 3.)

4. Plaintiff admits he was paid for all of the regular hours that he worked for Davis Lumber. (Plf's depo., Exh. 1, p. 61.)

5. Plaintiff scheduled hours were 7am to 5pm Monday through Friday and 7am to noon on Saturday. (Exh. 1, pp. 35, 107.)

6. Defendants paid Plaintiff for overtime hours as documented by his time clock entries. (Exh.4.)

7. Plaintiff admits he has no documentation of the additional hours he claims he worked for Defendants. (Exh. 1, pp. 46, 60.)

---

[1] Plaintiff claims he worked for Defendants from October 2021 through July 2022. However, in Plaintiff's deposition, he admits he worked for a temporary agency, Labor Finders, who paid him directly. (Plf's depo., Exh. 1, pp.42; see also, Affidavit of Nancy Durham, Exh.7.) Plaintiff also admitted that he complained to the agency about his pay, and temporary agency personnel told him they would not pay him anymore because "we got bills to pay, too." (Plf's depo., Exh.1, p.44.)

**EXHIBIT A**

8. Plaintiff's testimony regarding the hours he worked is based solely on memory. He did not keep any notes, records, or logs that could substantiate his time estimates. (Plf's depo.,Exh.1, pp. 46, 60.)

9. In Plaintiff's verified answers to interrogatories, Plaintiff swore under oath that he worked 80 hours **every week** while he worked for Defendants. (Plf's depo., Exh. 1, pp. 58-59.)

10. Plaintiff does not account for sick days or leaving early while working for the Defendants. (Plf's depo., Exh. 1, pp. 46, 64, 71-72, 76, 95-96.)

11. Plaintiff admits that while he signed the verification under oath, that answer is false. (Exh. 1, p. 60.)

12. Plaintiff admits that, except for a few entries at the beginning, the time clock records listing the hours worked by Plaintiff while employed by Defendants are the hours **Plaintiff clocked himself in and out**. (Exh.1, pp.74-78.)

13. Plaintiff's time records (Exh. 3) and the pay records (Exh. 4) clearly establish that when Plaintiff worked overtime hours, he was paid at an overtime rate for those hours. Plaintiff has no documentation controverting this evidence.

14. Plaintiff changes his testimony to state that he worked 2-3 hours of overtime every day, at least 5 days a week, while he worked for Defendants. (Exh.1, p.61.)

15. Finally, Plaintiff states it was not every week, but he does not know which weeks. (Exh. 1, p. 109.)

16. Plaintiff admits that he complained once about his pay to Scotty, but when he was told it would be on the next check, he never looked to see if it was there. (Exh. 1, pp. 78-79.)

17. Plaintiff stated that his supervisor, Scotty Smith, would know more about his overtime hours. (Exh. 1, p. 110.)

18. Scotty Smith states that Plaintiff was paid for all of his overtime hours. (Exh. 6.)

19. Plaintiff first claims that he "expected" to receive a bonus every time they were given out, but he also admits that not everyone received a bonus (Exh. 1, pp.79-82)

20. Plaintiff admits that even though he "expected" a bonus, he knew he might not get one. (Exh. 1, pp. 81, 110-111.)

21. Plaintiff said the bonuses were the same amount each time. (Exh.1, pp. 81, 84.)

22. Plaintiff admits that the bonuses were not always the same amount. (Exh. 1, pp. 81-82.)

23. Defendants have produced Plaintiff's bonus pay records establishing that the bonus amounts were different each time. (Exh. 5.)

24. Plaintiff states that Scotty Smith determined who received the bonuses and they were calculated on performance. (Exh.1, pp. 81, 84.)

25. Plaintiff admits that he has no idea how the bonuses were calculated. (Exh.1, p.82.)

26. Scotty Smith's affidavit explains how the bonuses were explained to new hires, including Josh. They were never guaranteed or promises. (Exh. 6.)

27. Most importantly, while Plaintiff stated that he "expected" a bonus, he knew he might not get one. (Exh. 1, p. 111.)

28. Defendants retained discretion both as to the fact of payment of a bonus and as to the amount. (Exhs. 1, 5, and 6.)