UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| JOSHUA HICKMAN § | |
| Plaintiff, § | |
| § | |
| vs. § | CASE NO. 6:22-CV-6101-SOH |
| § | |
| TEXARKANA TRUSS, LLC, § | |
| RED RIVER LUMBER COMPANY, § | |
| INC, and MICHAEL CRAVEN § | |
| Defendants. § | |

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants, Red River Lumber Company, Inc.[1], and Michael Craven, and file this brief in support of their Motion for Summary Judgment.

I.
SUMMARY JUDGMENT EVIDENCE

Defendants, Red River Lumber Company, Inc., and Michael Craven, hereby attach the following exhibits for incorporation by reference herein:

Exhibit 1    Excerpts from Plaintiff's Deposition

Exhibit 2    Plaintiff's Response to Interrogatories

Exhibit 3    Plaintiff's daily time records maintained by Defendants

Exhibit 4    Plaintiff's pay records maintained by Defendants

Exhibit 5    Plaintiff's bonus records maintained by Defendants

Exhibit 6    Affidavit of Scotty Smith

Exhibit 7    Affidavit of Nancy Durham

---

[1] Red River Lumber Company, Inc., does business as Davis Lumber in Malvern, Arkansas. Davis Lumber is the store that employed Plaintiff from December 9, 2021, through July 13, 2022, the applicable time at issue.

## II.
## INTRODUCTION AND FACTS

While Plaintiff worked directly for Defendants loading trucks/trailers and delivering them to customers, picking up materials from vendors, picking up returns from jobsites pulling loads, assisting customers, and cleaning the yard.– from December 9, 2021, to July 13, 2022 – Defendants paid Plaintiff for regular hours worked, overtime hours worked, and discretionary bonuses. Defendants maintained documentation of Plaintiff's hours worked every day of each week worked. (Exh.3.) Plaintiff admits he has no documentation of any hours he claims he worked for Defendants. (Plf's depo., Exh.1, pp.46, 60.) His testimony regarding the hours he worked is based solely on memory, and it keeps changing. He did not keep any notes, records, or logs that could substantiate his time estimates. *(Id.)* In Plaintiff's verified answers to interrogatories, Plaintiff swore under oath that he worked 80 hours **every week** while he worked for Defendants. (Plf's depo., Exh. 1, pp.58-59.) Plaintiff admits that while he signed the verification under oath, that answer was false. (Plf's depo., Exh.1, p.60.) Plaintiff admits that, except for a few entries at the beginning, the time clock records listing the hours worked by Plaintiff while employed by Defendants are the hours **Plaintiff clocked himself in and out**. (Plf's depo., Exh.1, pp.74-78.) Defendants' time records to Plaintiff (Exh.3) and his pay records (Exh. 4) clearly establish that when Plaintiff worked overtime hours, he was paid at an overtime rate for those hours. Plaintiff has no documentation controverting this evidence. Later in his deposition, Plaintiff changes his testimony to state that he worked 2-3 hours of overtime every day, at least 5 days a week, while he worked for Defendants. (Exh.1, p.61.) Plaintiff states it was not every week, but he does not know which weeks were included. (Exh.1, p.109.) Lastly, Plaintiff stated that his supervisor, Scotty Smith, would know more about his overtime hours. (Exh. 1, p. 110.) Scotty Smith's affidavit evidences that Plaintiff was paid for all of the overtime hours he worked. (Exh. 6.)

Plaintiff admits that not everyone received a bonus. (Plf's depo., Exh. 1, pp. 81, 110-111.) Plaintiff admits that the bonuses were different every time. (Exh. 1, pp. 81-82.) Plaintiff admits that he has no idea how the bonuses were calculated. (Exh. 1, p. 82.) Most importantly, while Plaintiff stated that he "expected" a bonus, he knew he might not get one. (Exh. 1, p. 111.)

Plaintiff claims that he complained to Scotty, his supervisor, about his pay, and Scotty told him it would be on his next paycheck. Plaintiff never looked to see if it was there; it may have been, he just did not pay attention to it. (Plf's depo., Exh. 1, pp.78-79.)

On July 13, 2022, Plaintiff quit without notice (and without clocking out). Plaintiff got angry one morning that a different supervisor told Plaintiff to load and deliver an order which was one of his job duties as a driver. Plaintiff wanted to wait until his supervisor arrived at the store to receive the instructions from him. There was an argument and Plaintiff walked out. (Plf's depo., Exh.1, pp.85-86.) On his way out, Plaintiff told them he was going to sue them. (*Id.*, p.102.)

III.
SUMMARY JUDGMENT STANDARD

The standard for granting motions for summary judgment in an overtime wage dispute is well established:

> Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of showing (1) the absence of a genuine dispute as to any material fact and (2) that a rational juror could not possibly find for the nonmoving party based on the undisputed facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the movant successfully makes this showing, the burden then shifts to the nonmoving party to establish that there is some genuine and material issue to be determined at trial. *Prudential Ins. Co. v. Hinkel,* 121 F.3d 364, 366 (8th Cir. 1997) The nonmoving party may not rest solely upon the allegations in its pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). To survive summary judgment, the nonmoving party "must demonstrate the existence of specific facts supported by sufficient probative evidence that would permit a" favorable finding "on **more than mere speculation, conjecture, or fantasy."** *Donathan v. Oakley Grain, Inc.,* 861 F.3d 735, 739 (8th Cir. 2017) (cleaned up) (quoting *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.

> Ct. 2505, 91 L. Ed. 2d 202 (1986) If the nonmoving party can present specific facts "by affidavit, deposition, or otherwise, showing the existence of a genuine issue for trial," then summary judgment is not appropriate. *Grey v. City of Oak Grove*, 396 F.3d 1031, 1034 (8th Cir. 2005). Of course, the mere existence of a disputed fact will not bar summary judgment. *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989). The dispute must be genuine, which means the evidence could cause a rational juror to decide the particular question of fact for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. And the disputed fact must be material, meaning the resolution of the dispute will be outcome determinative under the controlling law. *Holaway,* 884 F.2d at 366. (Emphasis added.)

*Bridgeforth v. New Age Distrib., Inc.,* No. 4:20-CV-917-LPR, 2023 U.S. Dist. LEXIS 55433, at *19-20 (E.D. Ark. 2023). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact"….There is genuine dispute of material fact 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Brown v. Penske Truck Leasing Co., LP,* 2023 U.S. DIst. LEXIS 175425 (E.D. Ark. September 29, 2023), quoting *Anderson,* 477 U. S. 242, 277-48.

IV.
APPLICABLE LAW AND ARGUMENT

A. Overtime Pay

The Fair Labor Standards Act requires employers to pay non-exempt employees overtime wages no less than one and one-half times their regular rate of pay. 29 U.S.C. §207(a)(1). The Arkansas Minimum Wage Act requires the same. §11-4-211(a).[2] Plaintiff has the burden of proving that he performed work for which he was not properly compensated. *Holaway v. Stratasys,* 771 F.3d 1057, 1059 (8th Cir. 2014) (citing *Anderson v. Mt. Clemens Pottery Co.,* 328

---

[2] In *Cummings v. Bost, Inc.,* 218 F. Supp. 3d 978, 985-86 (W.D. Ark. 2016), the Court stated: "The FLSA and the AMWA impose similar minimum wage and overtime requirements on employers and, in cases involving claims brought under both acts, the courts have concluded that their parallel provisions should be interpreted in the same manner." *citing Carter v. Primary Home Care of Hot Springs, Inc.,* 2015 U.S. Dist. LEXIS 181988, 2015 WL 11120563, at *2 (W.D. Ark. May 14, 2015).

U.S. 680, 686-87, 66 S. Ct. 1187, 90 L.Ed. 1515 (1946)), superseded by statute on other grounds. To establish liability: "…The plaintiff must prove by a preponderance of the evidence that he performed uncompensated work." *Bridgeforth*, *supra*,*21-22, citing *Thompson v. Dimichele Enters. Inc*., No. 4:18-CV-00903-LPR, 2020 U.S. Dist. LEXIS 47656, 2020 WL 1285040, at *6 (E.D. Ark. Jan. 3, 2020). The *Bridgeforth* court clarified further:

> This evidentiary burden can be satisfied in different ways, such as time records or testimony. But—even if one was to apply the relaxed standard throughout the entire case—relying "mainly just [on] recollections of [the employee's] daily activities" **does not suffice, at least where those recollections are general and vague. (Emphasis added.)**
>
> A plaintiff must provide a **meaningful, consistent explanation of the hours the plaintiff claims to have worked**. *Id.*at 1060 [*Holaway,* 771 F.3d at 1060.] This explanation must include "details which would allow a jury to determine" that the plaintiff worked the claimed overtime. *Id*. **Vague and unspecific testimony will not do.** *Id.* **A plaintiff should point to "specific dates worked, specific hours worked, or money owed.**" *Carmody v. Kansas City Bd. Of Police Comm'rs.,* 713 F.3d 401, 407 (8th Cir. 2013.) **"[U]nsupported estimations of the unpaid hours due are not enough.**" *Id.* Moreover, to succeed on an overtime claim, the employee must also show that his **employer knew, or should have known, that the employee was working the claimed overtime***. Rapp v. Network of Cmty. Options, Inc.,* 3 F.4th 1084, 1087 (8th Cir. 2021)(footnote omitted.) This is because "the employee must show that the employer had actual or constructive knowledge" that the employee worked overtime hours. *Rapp,* 3 F. 4th at 1087. An employer had constructive knowledge if, "through reasonable diligence," the employer "should have acquired knowledge that" the employee was "working in excess of [his] scheduled hours…." *Hertz v. Woodbury Cnty.,* 566 F.3d 775, 781 (8th Cir. 2009). It is not enough that the employer "could have known."  (Emphasis added.)

*Id.* ,*22-23.

When Plaintiff was hired by and started working for Defendants on December 9, 2021, Defendants maintained Plaintiff's time records showing when Plaintiff clocked in and out for work, including lunch. (Exh. 3.)  Other than questioning a few of the entries in the first two weeks of work, Plaintiff admitted in his deposition that he clocked himself in and out all of the other times. (Plf's depo., Exh. 1, pp. 74-78.)   Therefore, Defendants knew that Plaintiff worked those overtime hours (*Id.*), Defendants **paid** Plaintiff for all of those overtime hours. (Exh.4.)  Now,

through "vague and unspecific testimony," Plaintiff now claims there are more overtime hours on some weeks, but he does not know which ones, that he is due additional overtime pay. According to the Eighth Circuit in *Carmody v. Kansas City Bd. Of Police Comm'rs.,* 713 F.3d 401, 407 (8th Cir. 2013.), this alone is insufficient to establish Plaintiff's allegation. *See also, Bridgeforth, supra,* at *22-23.

Plaintiff's verified Responses to Interrogatories and his deposition testimony provide no further support as he waffles numerous times as to what he now claims he worked. Plaintiff's verified response to Interrogatory No. 3, (Exh. 2) states:

> I would say I was working about **80 hours per week**. A large part of that time was after we were supposed to be closed. I was doing a lot of Scotty's work on top of my own. **I was doing about 40 hours of overtime each week.** I would say I was working about 2-3 hours off the clock each day at the end of the day, Monday through Saturday. I would also arrive about 1-2 hours before my shift and would work off the clock until I could clock in at 7:00am. (Emphasis added.)

Defendants deposed Plaintiff on January 31, 2024. When asked specifically about this Interrogatory response, Plaintiff admits that while he signed the verification under oath under penalty of perjury, that answer was false. (Plf's depo., Exh. 1, p.60.) Later in his deposition, Plaintiff states that he worked 2-3 hours of overtime every day during the week except once every two to three weeks when he called in and said, "I need to get off early. I got something to do" or "because I'm tired." (*Id.* p. 56.) Plaintiff next testifies that he was paid for all of his regular time, but he does not "feel" that he was paid for all of his overtime hours, mainly 2.5-3 hours that he claims he worked every night and some on Saturday or Sunday. (*Id.* at p.61.) But he qualifies this testimony by stating that that he would remember it "more better [sic] if it were close to the time…. Because it's, like, two years, three years ago now." (*Id.*) Lastly, Plaintiff states it was not "every week, but he does not know which weeks were included." (*Id.,* p.109.) Plaintiff admits he has no documentation of the hours he claims he worked for Defendants. He did not keep any notes,

records, or logs that could substantiate his time estimates. (*Id.*, p.46, 60.) Plaintiff's guesstimates are legally insufficient to meet his burden of proof:

> When the only evidence of overtime worked is the employee's own testimony, that employee faces a serious risk of summary judgment being granted in favor of the employer. *Holaway v. Stratasys,* 771 F.3d 1057, 1059-60 (8th Cir. 2014). **That is because the Eighth Circuit has made clear that an employee's testimony on its own is insufficient to survive summary judgment when it is based on vague, general, inconsistent, and not-meaningfully explained recollections of that employee's daily activities**. *John v. Dierks Lumber & Coal Co.,* 130 F.2d 115, 118 (8th Cir. 1942)("[T]he burden is upon the plaintiff to establish by a preponderance of the evidence the number of hours worked and the amount of wages due; and the evidence to sustain this burden must be **definite and certain**." (Emphasis added.).

*Brown, supra*, at *29.  "[U]nsupported estimations of the unpaid hours due are not enough." *Carmody, supra. See also, Brown,* at *30.

Plaintiff admits that he only complained to Scotty, his supervisor, about his pay one time. (Plf's depo., Exh.1, p. 79.)  Plaintiff claims Scotty told him it would be on the next check. *Id.* Plaintiff admits that it may have been on his check, he just did not pay any attention to it. *Id.* He did not check his direct deposit to see.  Plaintiff has not established that Defendants had actual or constructive knowledge that Plaintiff worked overtime for which he was not compensated.  "The employee must show that the employer had actual or constructive knowledge" that the employee worked overtime hours. *Rapp v. Network of Cmty. Options, Inc.,* 3 F.4th 1084, 1087 (8th Cir. 2021). An employer had constructive knowledge if, "through reasonable diligence," the employer "should have acquired knowledge that" the employee was "working in excess of [his] scheduled hours…." *Hertz v. Woodbury Cnty.,* 566 F.3d 775, 781 (8th Cir. 2009). It is not enough that the employer "could have known."  The overtime hours that were recorded by Defendants were paid to Plaintiff. (Exhs. 3, 4, and 6.)  Plaintiff stated that his supervisor would know more about Plaintiff's overtime hours than Plaintiff did.  (Plf's depo., Exh., p. 110.)  Scotty Smith's affidavit proves that Plaintiff was paid for all of the overtime hours he worked. (Exh. 6.)  There are no additional hours.

Plaintiff quit without notice because he got angry on the morning of July 13, 2022, when a different supervisor told Plaintiff to perform one of his job duties - load and deliver an order. Plaintiff wanted to wait until his supervisor arrived at the store and receive the instructions from him. There was an argument and Plaintiff walked out without clocking out. (Plf's depo., Exh. 1, pp. 85-86, 101.) When Plaintiff walked off the job, he told the general manager, "I'm going to sue you." (*Id.,* p. 102.) Thereafter, Plaintiff called and complained that he had not received his last paycheck. (*Id.*, p. 99.) However, it had already been paid; again, he just had not looked to see if it had been direct deposited before he called. (*Id.,* p. 99.)

Plaintiff's testimony is very similar to the plaintiff in the *Brown case, supra*, and in *Holaway v. Stratasys,* 771 F.3d 1057, 1059-60 (8th Cir. 2014). In that case, the plaintiff "put forth contradictory and bare assertions of his overtime hours worked. At various times, Holaway has estimated his work hours as between forty-five and seventy hours a week, yet has failed to specifically account for the hours worked….Holaway provided only vague testimony and failed to reference specific days and hours worked." *Id.* at 49.

In the current case, Plaintiff first testified that he worked 80 hours every week. (Exh. 2.) By the end of his deposition, after questioning by his attorney, Plaintiff had slimmed that down to 2.5-3 hours a week, but not every week; Scotty, his supervisor, would know more. (Plf's depo., Exh. 1, p. 110.)

Plaintiff's Complaint, responses to Interrogatories, and deposition testimony clearly show that just as in *Bridgeforth*, *supra*, Plaintiff's claim about whether he has additional overtime hours that have not been paid by Defendants is based on guesses and conjecture and should not be entertained by this Court, much less be allowed before a jury. As the court stated in *Brown, supra:* "When an employee only makes 'contradictory and bare assertions of his overtime hours

worked[,]' there is no evidence to support a just and reasonable inference of uncompensated time. *Holaway,* 771 F. 3d at 1059." *Brown*, at *34.

Plaintiff admits he was paid for all regular hours. Plaintiff's time sheets and payroll records evidence that he was paid for all overtime hours based on the time sheets. Plaintiff admits he clocked himself in and out. Those times are accurate. There are no additional overtime wages owed. This is simply a case where Plaintiff got angry on his last day at work and told his manager he would sue. Now, he is attempting to seek vengeance by fabricating a claim.

Therefore, Defendants request that the Court grant this summary judgment. Defendants also request that in granting this summary judgment, the Court concludes that the Plaintiff is not entitled to the benefit of a three-year statute of limitations for willful violations under 29 U.S.C *§255(a)* or to liquidated damages under *29 U.S.C. §216(b)* of the Fair Labor Standards Act or Ark. Code Ann. or §11-4-218 of the Arkansas Minimum Wage Act. Defendants also request that the Court award Defendants attorney's fees and court costs.

B. <u>Discretionary Bonus</u>

Section 207(e)(3)(a) of the Fair Labor Standards Act defines when employers may exclude bonuses from an employee's regular rate of pay:

> As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include—…
>
> **(3)**Sums paid in recognition of services performed during a given period if either, (a) both <u>the fact that payment is to be made</u> and <u>the amount</u> of the payment are determined at the <u>sole discretion of the employer</u> at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly;….

The Code of Federal Regulations clarifies this section of the FLSA:

> In order for a bonus to qualify for exclusion as a discretionary bonus under section 7(e)(3)(a) <u>the employer must retain discretion both as to the fact of payment and as to the</u>

<u>amount</u> until a time quite close to the end of the period for which the bonus is paid. The sum, if any, to be paid as a bonus is determined by the employer without prior promise or agreement. <u>The employee has no contract right, express or implied, to any amount</u>. (Emphasis added.)

*29 CFR 29 CFR §778.211(b)*. The CFR section emphasizes that labels are not determinative, but instead the facts specific to the bonus decide whether it is discretionary:

> Thus, regardless of the label or name assigned to bonuses, bonuses are discretionary and excludable if both the fact that the bonuses are to be paid and the amounts are determined at the sole discretion of the employer at or near the end of the periods to which the bonuses correspond and they are not paid pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly.

*29 CFR 29 CFR §778.211(d)*. The federal courts have determined that for a bonus to be discretionary, four requirements must be met:

> For a bonus to be excluded from the regular rate under *29 U.S.C. § 207(e)(3)*, four requirements must be met: (1) "[t]he employer must retain discretion as to whether the payment will be made;" (2) "[t]he employer must retain discretion as to the amount;" (3) "[t]he employer must retain discretion as to the payment of the bonus until near the end of the period which it covers; and" (4) "[t]he bonus must not be paid pursuant to any prior contract, agreement, or promise." *Abbey v. United States, 99 Fed. Cl. 430, 438 (2011).*

*Halliburton v. Paladino Constr., Inc.,* 2022 U.S. Dist. LEXIS 92620, *5 (E. D. Ark.2022).

In the case at bar, Plaintiff has done little more than assert a claim in his Complaint that "quota bonuses" were given to him (*Doc. 1,* para.32); and then that "attendance bonuses" were given. (*Doc. 1,* para.34). Neither of these descriptions is accurate. Plaintiff and his counsel were guessing yet again as to what the bonuses were because Plaintiff testified he had no idea how the bonuses were calculated. (Plf's depo., Exh. 1, p. 82.) In Plaintiff's deposition, he admitted that not everyone received a bonus; (*Id.*, p. 81, 110-111); the bonuses were close to the same amount every time, but clearly they were not – "$112, $115, one was $140" (*Id.*, p. 83-84.)

The evidence establishes that when Plaintiff was working for Defendants from December 9, 2021, to July 13, 2022, bonuses were paid to Plaintiff from January to June 2022.[3] (Exh. 5.) Plaintiff did not receive one in December.  Plaintiff admits that not everyone received a bonus every time.  (Plf's depo., Exh. 1, pp. 81, 110-111.)  In addition, the affidavit of Scotty Smith confirms that not every employee received a bonus every time they were given out.  (Exh. 6.) Despite Plaintiff's testimony that his bonus amounts were roughly the same each time (Plf's depo., Exh. 1,  pp. 83-84 ), Plaintiff's bonus amounts ranged from $125 to $500. (Exh. 5.)   The bonuses were paid to Plaintiff in the middle of each month for the previous month. *(Id*.)  Plaintiff has not claimed nor can he that there was a contract, agreement, or promise between Plaintiff and the Defendants that Plaintiff would receive a bonus, when or how it would be calculated, or on what it would be based.  *29 CFR 29 CFR §778.211(b).*

While Plaintiff claims that he "expected" a bonus, he knew he might not get one.  (Plf's depo., Exh. 1, p. 111.) Plaintiff's testimony includes a host of other factors proving that the bonus was discretionary - he admitted that not everyone received a bonus; (*Id.,*  pp. 81, 110-111*)*; the bonuses were the same amount every time (but they were not) – "$112, $115, one was $140" (*Id.,* pp. 81-2 ); and Plaintiff had no idea how the bonuses were calculated. (*Id.,* p. 82.)

Plaintiff's single statement of expectation, coupled with two incorrect and unsubstantiated allegations in his Complaint - (*Doc. 1,* para.32, "quota bonuses" and para. 34, "attendance bonuses") are insufficient to disprove that the bonuses paid by Davis Lumber were, in fact, discretionary according to the law:

---

[3] Plaintiff did not receive a bonus from Defendants in November as he claims.  (Plf's depo., Exh. ,  p.   .) Plaintiff has not provided any documentation of such a bonus.  It is not in Defendants' payroll records because Plaintiff was not their employee in November. (Exhs. 4 and 5.)

> …the annual bonuses were discretionary based on the company's performance and the [sic] each employee's performance. *Doc. 31-1*. There were criteria, so the discretion was channeled, **but eligibility and criteria do not change the basic uncertainty surrounding these bonuses. They were not automatic**. Centene's policy was borne out in practice: these four workers' annual bonuses varied from zero to $2,233.44. *Doc. 37 at 2-4*. The company therefore complied with the applicable regulation by excluding the annual bonuses from the employees' regular rates. (Emphasis added.)

*Banks v. Centene Mgmt. Co., LLC*, No. 4:21-cv-429-DPM, 2023 U.S. Dist. LEXIS 169255, at *2 (E.D. Ark. 2023). *See also, Halliburton, supra, *6-7* ("Plaintiff has failed to provide any evidence beyond his statement that the bonus was non-discretionary to support his position…. Plaintiff says he received a bonus in 2014, **but his self-serving testimony is contradicted by Defendants' payments records**…." (Emphasis added.))

The evidence establishes that the Defendants paid their employees discretionary bonuses. Those bonuses should not be included in the calculation of Plaintiff's "regular rate." Defendants request that they be granted summary judgment on Plaintiff's claim. Defendants also request that in granting this summary judgment, the Court concludes that the Plaintiff is not entitled to the benefit of a three-year statute of limitations for willful violations under 29 U.S.C *§255(a)* or to liquidated damages under *29 U.S.C. §216(b)* of the Fair Labor Standards Act or Ark. Code Ann. or §11-4-218 of the Arkansas Minimum Wage Act. Defendants also request that the Court award Defendants attorney's fees and court costs.

## V
## CONCLUSION

The undisputed material facts establish that Defendants paid Plaintiff all of his regular pay, all of his overtime pay for overtime hours that Plaintiff clocked himself, and that the bonuses paid were discretionary. No further pay is due to Plaintiff. Defendants respectfully request that summary judgment be granted to Defendants in all respects.

WHEREFORE, PREMISES CONSIDERED, Defendants, Red River Lumber Company, Inc., and Michael Craven, pray that this Court grant their Motion for Summary Judgment, for attorney's fees, court costs, and for all further relief to which they may show themselves just entitled.

Respectfully submitted,

 /s/ Louise Tausch
**LOUISE TAUSCH**
Arkansas Bar No. 86212
Texas State Bar No. 19680600
Email: ltausch@arwhlaw.com

**ATCHLEY, RUSSELL, WALDROP & HLAVINKA, LLP**
1730 Galleria Oaks Drive
Texarkana, Texas 75503
Tel 903-792-8246
Fax 903-792-5801

**ATTORNEY FOR DEFENDANTS,
RED RIVER LUMBER COMPANY, INC.
and MICHAEL CRAVEN**

## NOTICE OF ELECTRONIC FILING

I, Louise Tausch, attorney for Defendants, certify that I have electronically submitted a true and correct copy of the foregoing for filing in accordance with the Electronic Case Files System of the USDC – Western District of Arkansas, on March 4, 2024.

/s/ *Louise Tausch*

**LOUISE TAUSCH**