IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JOSHUA HICKMAN**      **PLAINTIFF**

vs.      No. 6:22-cv-6101-SOH

**TEXARKANA TRUSS, LLC; RED RIVER**      **DEFENDANTS**
**LUMBER COMPANY, INC.; and**
**MICHAEL CRAVEN**

### PLAINTIFF JOSHUA HICKMAN'S ANSWERS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff Joshua Hickman ("Plaintiff"), by and through his attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, hereby submits his Answers and Responses to Defendants Texarkana Truss, LLC; Red River Lumber Company, Inc.; and Michael Craven's ("Defendants") First Set of Interrogatories and Requests for Production of Documents, and states as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:** Please state the name(s), address(es), and telephone number(s) of all persons who provided information used in answering these Interrogatories and state in detail the information provided by each person identified.

**ANSWER NO. 1:** Objection. Plaintiff objects to this Interrogatory to the extent that it seeks information protected by Attorney-Client Privilege and/or Attorney Work-Product Doctrine.

Page 1 of 30
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Plaintiff Joshua Hickman's Answer and Responses to Defendants'
First Set of Interrogatories and Requests for Production of Documents



EXHIBIT 2

pleaded with particularity in Plaintiff's Original Complaint requires legal analysis and conclusions and is subject to interpretation.

Subject to and without waiving the foregoing objections, no witnesses have been identified at this time, however, if and when any are identified, Plaintiff will timely supplement this Answer, otherwise Plaintiff states as follows: There was Michael who was a leader salesman. Dustin King was a truck driver I worked with. Danielle and Scotty Smith were both yard managers where I worked. Jim was one of the top guys. He worked for Red River but would come around our yard. Michael Craven was above Jim. I don't know the addresses for anyone.

**INTERROGATORY NO. 3:** Please state how many hours Plaintiff contends that he worked each and every individual week during the Applicable Period.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome because Defendants are legally responsible for maintaining records of hours worked. The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which

Page 3 of 30
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Plaintiff Joshua Hickman's Answer and Responses to Defendants'
First Set of Interrogatories and Requests for Production of Documents

he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference," the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I would say I was working about 80 hours per week. A large part of that time was after we were supposed to be closed. I was doing a lot of Scotty's work on top of my own. I was doing about 40 hours of overtime each week. I would say I was working about 2-3 hours off the clock each day at the end of the day, Monday through Saturday. I would also arrive about 1-2 hours before my shift and would work off the clock until I could clock in at 7:00am.

**INTERROGATORY NO. 4:** What business entity did Plaintiff understand was his employer during the Applicable Period?

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that Defendants are legally responsible for maintaining. The Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c). The information requested is as easily, or more easily, accessible by Defendants reviewing its own records. Fed. R. Civ. P. 33(d).

Page 4 of 30
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Plaintiff Joshua Hickman's Answer and Responses to Defendants'
First Set of Interrogatories and Requests for Production of Documents

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JOSHUA HICKMAN**                                                                                          **PLAINTIFF**

vs.                                              No. 6:22-cv-6101-SOH

**TEXARKANA TRUSS, LLC; RED RIVER**                                     **DEFENDANTS**
**LUMBER COMPANY, INC.; and**
**MICHAEL CRAVEN**

## VERIFICATION

I, Joshua Hickman, verify under penalty of perjury that the factual information contained in the foregoing Answers to Defendants' First Set of Interrogatories is true and correct to the best of my knowledge, information and belief.

Executed on January 8, 2024.

*Joshua Hickman*
_____
**JOSHUA HICKMAN**