UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOSHUA HICKMAN § | |
| Plaintiff, § | |
| § | |
| vs. § | CASE NO. 6:22-CV-6101-SOH |
| § | |
| TEXARKANA TRUSS, LLC, § | |
| RED RIVER LUMBER COMPANY, § | |
| INC, and MICHAEL CRAVEN § | |
| Defendants. § | |

**AFFIDAVIT OF SCOTTY SMITH**

STATE OF TEXAS            )
COUNTY OF BOWIE       )

BEFORE ME the undersigned authority, personally appeared Scotty Smith who, being duly sworn, upon his oath stated:

1. My name is Scotty Smith. I am over eighteen (18) years of age, of sound mind, and capable of making this Affidavit. I have personal knowledge of the facts stated in this Affidavit.

2. I worked as the Distribution Manager at Davis Lumber in Malvern, Arkansas, when Josh Hickman was working there. I am now a Distribution Manager for Red River Lumber Co., Inc.

3. When I supervised Josh, he was driving a truck and working directly for Davis Lumber in Malvern. It started sometime in December 2021 and went through mid-July 2022.

4. When I worked in Malvern, I trained Joshua Hickman in the duties of a truck driver. They included loading the truck/trailer and delivering the load to the customer, picking up materials from vendors, and pickup returns from jobsites. But he also had to pull loads, assist customers, and clean the yard.

5. Josh was responsible for clocking in/out. I was at the yard around 5/5:30 in the mornings, so Josh was able to clock in when he got there. If he was late coming back to the yard after 5:00, he texted me that night or the next morning, and I made sure HR adjusted his time correctly.

6. I was not strict with the drivers and yard workers as far as the length of their lunches because many of them lived in Hot Springs (30 minutes from Malvern). I know when it was adjusted by HR, it was only 30 minutes, so Josh actually received more time than he actually took when he was driving.

7. I told Josh and the other drivers that they could eat lunch and take breaks whenever they needed to when they were driving. I did not tell Josh he could not eat lunch or take breaks while he was working.

8. Josh did not complain to me about not getting paid for the overtime he worked.

9. Josh complained to me about his hourly rate while working for LaborFinders.

10. Danielle and I made sure that Josh got paid for all of his overtime hours.

11. When I delivered bonus checks to the employees I supervised, I did not know beforehand who was going to get one, or how much it might be. No one ever promised or guaranteed us a bonus. Not all employees received a bonus every time the bonuses were given. Not every employee received the same amount every time. The bonus amounts ranged from $125 to $500.

12. Josh was never promised or guaranteed a bonus. I do not know how the bonus amounts were calculated. Danielle and I told new hires, including Josh, that the bonuses depended on several factors and even then, it was only a possibility. The factors included – store performance (if it had a good month of business); if there were no major maintenance costs; if there were no major material costs or fluctuations; and the employee's work performance. After all of that was considered, an employee might get a bonus. But bonuses were never promised to anyone. They are always subject to the discretion of upper management who decide whether to give bonuses, and who receives bonuses, and how much they will be.

13. Josh received all of his pay for all of the overtime hours he worked.

Further affiant saith not.

_____Scotty Smith_____
Scotty Smith

Subscribed and sworn to before me on the 4th day of March, 2024.

_____LeJean Teravest_____
Notary Public
My Commission Expires:

LEJEAN TERAVEST
NOTARY PUBLIC
STATE OF TEXAS
ID # 206528-6
My Comm. Expires 04-30-2025

*AFFIDAVIT OF SCOTTY SMITH*                                              *Page 2 of 2*