IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**JOSHUA HICKMAN**                                                                                    **PLAINTIFF**

vs.                                              6:22-cv-6101-SOH

**TEXARKANSA TRUSS, LLC,**                                                                **DEFENDANTS**
**RED RIVER LUMBER COMPANY,**
**INC, and MICHAEL CRAVEN**

**RESPONSE TO DEFENDANTS' RULE 56
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff Joshua Hickman by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, for his Response to Defendants' Rule 56 Statement of Undisputed Material Facts, states as follows:

1. Plaintiff worked for Defendants from December 9, 2021, through July 13, 2022. (Plf's depo., Exhibit 1, p. 50).[1]

   **RESPONSE NO. 1:** Admitted.

2. Plaintiff earned $11.75 per hour while at Labor Finders, and it was increased to $14 per hour when he was hired by Davis Lumber. (Exh. 1, pp.31, 52.)

   **RESPONSE NO. 2:** Admitted.

3. Defendant maintained documentation of Plaintiff's hours worked every day of each week worked. (Exh. 3.)

---

[1] Plaintiff claims he worked for Defendants from October 2021 through July 2022. However, in Plaintiff's deposition, he admits he worked for a temporary agency, Labor Finders, who paid him directly. (Plf's depo., Exh. 1, pp.42; see also, Affidavit of Nancy Durham, Exh. 7.) Plaintiff also admitted that he complained to the agency about his pay, and temporary agency personnel told him they would not pay him anymore because "we got bills to pay, too." (Plf's depo., Exh. 1, p.44).

Page 1 of 8
Joshua Hickman v. Texarkana Truss LLC et al
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Defendants' Rule 56 Statement of Undisputed Material Facts

**RESPONSE NO. 3:** Denied. Plaintiff worked two to three hours per day during the week and often worked hours on the weekend which Defendants did not document. *See* Pl. Depo. 46:19–47:1 ("[W]hen we get there to drop off the truck [after the scheduled end time], the building is locked down; so you can't clock out. So we have to tell Danielle, the manager at the time, 'Hey, this is the hours we worked. This is the time I got off.' She just write it down, and she just set it to the side. When we get ready to go clock in the clock out [sic], I don't see that."); Pl. Depo 29:10–16 ("I was working, like, three hours overtime every day"); 40:18–41:6 ("I make it home around eight sometimes, so I say I worked two hours and a half every day or three hours"); 61:6–12 (agreeing that he worked 2.5–3 hours overtime each night which wasn't recorded or paid, plus some on the weekend).

4. Plaintiff admits he was paid for all of the regular hours that he worked for Davis Lumber. (Plf's depo., Exh. 1 p. 61.)

**RESPONSE NO. 4:** Admitted.

5. Plaintiff scheduled hours were 7am to 5pm Monday through Friday and 7am to noon on Saturday. (Exh. 1, pp 35, 107.)

**RESPONSE NO. 5:** Admitted.

6. Defendants paid Plaintiff for overtime hours as documented by his time clock entries. (Exh. 4.)

**RESPONSE NO. 6:** Partially admitted. Plaintiff was paid for the hours which appear on his time clock entries, but those entries were often entered by an employee other than Plaintiff himself; those recorded time entries were frequently not accurate. *See* ECF 29-3; Pl. Depo. 46:19–47:1; 66:6–23.

Page 2 of 8
Joshua Hickman v. Texarkana Truss LLC et al
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Defendants' Rule 56 Statement of Undisputed Material Facts

7. Plaintiff admits he has no documentation of the additional hours he claimed he worked for Defendants. (Exh. 1, pp. 46, 60.)

**RESPONSE NO. 7:** Admitted.

8. Plaintiff's testimony regarding the hours he worked is based solely on memory. He did not keep any notes, records, or logs that could substantiate his time estimates. (Plf's depo., Exh.1,pp. 46, 60.)

**RESPONSE NO. 8:** Admitted.

9. In Plaintiff's verified answers to interrogatories, Plaintiff swore under oath that he worked 80 hours every week while he worked for Defendants. (Plf's depo., Exh. 1, pp. 58-59.)

**RESPONSE NO. 9:** Objection; Defendants fail to provide important context to Plaintiff's interrogatory response, which reads in full relevant part, "I would say I was working about 80 hours per week. A large part of that time was after we were supposed to be closed. I was doing a lot of Scotty's work on top of my own. I was doing about 40 hours of overtime each week. **I would say I was working about 2–3 hours off the clock each day at the end of the day, Monday through Saturday.** I would also arrive about 1–2 hours before my shift and would work off the clock until I could clock in at 7:00am." (emphasis added).

10. Plaintiff does not account for sick days or leaving early while worked for the Defendants. (Plf's depo., Exh.1, pp. 46, 64, 71-72, 76, 95-96.)

**RESPONSE NO. 10:** Denied. Plaintiff acknowledged that there was approximately one day every two to three weeks where he did not work additional, unpaid hours. Pl. Depo. 42:5–13. He also detailed specific instances when his hours were cut

Page 3 of 8
Joshua Hickman v. Texarkana Truss LLC et al
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Defendants' Rule 56 Statement of Undisputed Material Facts

short, such as the day he had to take a longer-than-usual lunch because his car sustained a flat tire (Pl. Depo. 71:19–72:2), when there was a snow day cutting the work short (Pl. Depo. 76:19–20), and when he had a doctor appointment (Pl. Depo. 76:24).

11. Plaintiff admits that while he signed the verification under oath, that answer is false. (Exh. 1, p.60.)

**RESPONSE NO. 11:** Objection. Defendant does not indicate which answer is purported to be false. Subject to the foregoing objection, if Defendant is referring to the Interrogatory Response in which Plaintiff stated he worked 80 hours per week, Plaintiff acknowledges that he miscalculated the total hours worked per week but reiterates that his daily estimate of 2 to 3 unpaid hours per day has remained consistent throughout his discovery responses and deposition.

12. Plaintiff admits that, except for a few entries at the beginning, the time clock records listing the hours worked by Plaintiff while employed by Defendants are the hours Plaintiff clocked himself in and out. (Exh.1, pp.74-78.)

**RESPONSE NO. 12:** Objection to the vagueness of "a few entries at the beginning," and subject to that objection, denied. Plaintiff testified that when he returned to the yard after the building was closed for the day (which happened most days), he was unable to clock himself out and had to verbally report his hours to another employee, Danielle. Pl. Depo. 46:19–47:1.

13. Plaintiff's time records (Exh. 3) and the pay records (Exh. 4) clearly establish that when Plaintiff worked overtime hours, he was paid at an overtime rate for those hours. Plaintiff has no documentation controverting this evidence.

Page 4 of 8
Joshua Hickman v. Texarkana Truss LLC et al
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Defendants' Rule 56 Statement of Undisputed Material Facts

**RESPONSE NO. 13:** Denied. Plaintiff was not paid for all overtime hours that he worked. *See* Pl. Depo. 46:19–47:1; Pl. Depo 29:10–16; 40:18–41:6; 61:6–12.

14. Plaintiff changes his testimony to state that he worked 2-3 hours of overtime every day, at least 5 days a week, while he worked for Defendants. (Exh.1, p.61.)

**RESPONSE NO. 14:** Denied. Plaintiff's testimony has always been that he worked 2–3 hours extra per day during most days that he worked for Defendants. ECF 29-2, Plaintiff's Responses to Defendants' Interrogatories at 3; *see also* Pl. Depo 29:10–16; 40:18–41:6; 61:6–12.

15. Finally, Plaintiff states it was not every week, but he does not know which weeks. (Exh. 1, p. 109.)

**RESPONSE NO. 15:** Objection. This "statement," which is not even a complete sentence, is vague and unspecific. Subject to that objection, Plaintiff admits that he testified that he worked eight to twelve hours of unpaid overtime most weeks but not all weeks, and that he does not recall which specific weeks he did or did not work the additional unpaid hours. Pl. Depo. 109:15–24.

16. Plaintiff admits that he complained once about his pay to Scotty, but when he was told it would be on the next check, he never looked to see if it was there. (Exh. 1, pp. 78-79.)

**RESPONSE NO. 16:** Admitted.

17. Plaintiff stated that his supervisor, Scotty Smith, would know more about his overtime hours. (Exh. 1, p. 110.)

**RESPONSE NO. 17:** Objection for vagueness—it is unclear who or what Scotty knows "more" than. Subject to that objection, denied. During Plaintiff's deposition, when

Page 5 of 8
Joshua Hickman v. Texarkana Truss LLC et al
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Defendants' Rule 56 Statement of Undisputed Material Facts

asked, "Is there anything that we can look at or anybody we can talk to to find out more specifically which weeks [you worked overtime]?" Plaintiff responded, "I could say Scotty," affirming that it was Plaintiff's belief that Scotty could tell Defendants' counsel which weeks those were. Pl. Depo. 110:13–22.

18. Scotty Smith states that Plaintiff was paid for all of his overtime hours. (Exh. 6.)

**RESPONSE NO. 18:** Admitted.

19. Plaintiff first claims that he "expected" to receive a bonus every time they were given out, but he also admits that not everyone received a bonus (Exh. 1, pp.79-82)

**RESPONSE NO. 19:** Admitted.

20. Plaintiff admits that even though he "expected" a bonus, he knew he might not get one. (Exh. 1, pp. 81, 110-111.)

**RESPONSE NO. 20:** Admitted.

21. Plaintiff said the bonuses were the same amount each time. (Exh.1, pp. 81, 84.)

**RESPONSE NO. 21:** Admitted.

22. Plaintiff admits that the bonuses were not always the same amount. (Exh. 1, pp. 81-82.)

**RESPONSE NO. 22:** Admitted.

23. Defendants have produced Plaintiff's bonus pay records establishing that the bonus amounts were different each time. (Exh. 5.)

**RESPONSE NO. 23:** Admitted.

Page 6 of 8
Joshua Hickman v. Texarkana Truss LLC et al
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Defendants' Rule 56 Statement of Undisputed Material Facts

24. Plaintiff states that Scotty Smith determined who received the bonuses and they were calculated on performance. (Exh.1, pp. 81, 84.)

**RESPONSE NO. 24:** Admitted.

25. Plaintiff admits that he has no idea how the bonuses were calculated. (Exh.1, p.82.)

**RESPONSE NO. 25:** Denied in part. Plaintiff admitted that he does not know how the bonuses are calculated, but believes they are based on employee performance. Pl. Depo. 82:4–11.

26. Scotty Smith's affidavit explains how the bonuses were explained to new hires, including Josh. They were never guaranteed or promises. (Exh. 6.)

**RESPONSE NO. 26:** Denied in part. The first sentence is admitted. Scotty's affidavit states, "Danielle and I told new hires, including Josh, that the bonuses depended on several factors and even then, it was only a possibility." ECF 29-6 ¶ 12. The second sentence is denied. There is a dispute as to whether the bonuses were guaranteed or promised. Plaintiff maintains that the bonuses were guaranteed or promised subject to certain nondiscretionary factors, and Scotty's affidavit affirms this position. Pl. Depo. 82:7–11; ECF 29-6 ¶ 12 (listing factors upon which the bonus was contingent such as store performance, low maintenance costs, low material costs and employee performance).

27. Most importantly, while Plaintiff stated that he "expected" a bonus, he knew he might not get one. (Exh. 1, p. 111.)

**RESPONSE NO. 27:** Admitted that Plaintiff stated that he expected a bonus but knew he might not get one; denied that this is "most important[ ]."

Page 7 of 8
Joshua Hickman v. Texarkana Truss LLC et al
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Defendants' Rule 56 Statement of Undisputed Material Facts

28. Defendants retained discretion both as to the fact of payment of a bonus and as to the amount. (Exhs. 1, 5, and 6.)

**RESPONSE NO. 28:** Denied. Plaintiff's recollection of the bonus (as based on performance) and Scotty Smith's sworn affidavit both describe the bonus in terms of a nondiscretionary bonus. *See* 29 C.F.R. § 778.211. Defendant has produced no evidence as to the actual calculation of the bonus.

Respectfully submitted,

**PLAINTIFF JOSHUA HICKMAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 8 of 8
Joshua Hickman v. Texarkana Truss LLC et al
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Defendants' Rule 56 Statement of Undisputed Material Facts