IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JOSHUA HICKMAN**                                                                      **PLAINTIFF**

vs.                                          No. 6:22-CV-6101-SOH

**TEXARKANA TRUSS, LLC,**                                                **DEFENDANTS**
**RED RIVER LUMBER COMPANY, INC.,**
**And MICHAEL CRAVEN**

<u>**RESPONSE TO MOTION FOR SUMMARY JUDGMENT**</u>

## I.        INTRODUCTION

Defendant's Motion for Summary Judgment (ECF No. 29) must be denied because Plaintiff has produced evidence creating genuine issues of material fact for trial regarding the fact and extent of his uncompensated overtime hours worked for Defendants as well as Defendants' failure to pay a sufficient overtime rate by failing to include nondiscretionary bonuses in his regular rate. Defendants were willful in violating the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA").

## II.        STANDARD OF REVIEW

Summary judgment is proper only "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996) (citing Fed. R. Civ. P. 56(c)). "The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Id.* Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Eastman v. United States*, No. 06-CV-1069, 2009 U.S. Dist. LEXIS 73415,

Page 1 of 16
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Motion for Summary Judgment

at *4 (W.D. Ark. Aug. 19, 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, (1986)).

In deciding whether there is sufficient evidence favoring the nonmoving party, "the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party." *Id.* (citing *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006)). Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from facts are jury functions, not those of a judge. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Anderson*, 477 U.S. at 255).

### III.        FACTUAL BACKGROUND

Plaintiff began work for Defendants in October 2021 as a temporary worker via Labor Finders. *See* Exhibit 1, Deposition of Plaintiff ("Pl. Depo.") 30:9–13. In December of 2021, he was hired full-time by Defendants. *Id.* at 50:8–18. This lawsuit and the related damages stem only from Plaintiff's employment with Defendants from December of 2021 until July of 2022.

Plaintiff worked as a "yard handler," meaning he prepared loads of wood for trucks, loaded the trucks or trailers. *Id.* at 32:15–33:11. He also worked as a truck driver, meaning he also delivered the loads to customers and returned loads from jobsites. *Id.* Plaintiff's regularly scheduled hours were from 7 am until 5 pm, Monday through Friday (which includes occasional lunch breaks), plus five hours on Saturdays. *Id.* at 107:15–18; 108:4–6.

However, Plaintiff was regularly required to work outside his scheduled hours—hours which went unrecorded and uncompensated. Defendants sometimes required

Page 2 of 16
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Motion for Summary Judgment

Plaintiff to arrive at work early or work extra on weekends, but more often required Plaintiff to stay after work in the evenings. *Id.* at 61:6–15; 57:10–12. Plaintiff did not keep any personal records of his additional hours worked (Pl. Depo. 46:7–13), but his testimony has been consistent (through written discovery and his deposition) that he worked two to three extra hours nearly every weekday—hours for which he was not paid. Pl. Depo 29:10–16; 40:18–41:6; 61:6–12; Exhibit 2, Plaintiff's Responses to Defendant's Interrogatories ("Pl. Responses") at 3.

Plaintiff also regularly received bonuses from Defendants. *Id.* at 79:20–24. Plaintiff stated that he did not know how the bonuses were calculated (Pl. Depo. 82:4–6), but he testified that he was told by his supervisor that bonuses were based on performance (Pl. Depo. 82:7–9). Defendants have not disputed that the bonuses were not included in Plaintiff's regular rate of pay for the purposes of calculating his overtime pay; rather, Defendants argue that, based on Plaintiff's description of the bonuses, the bonuses were discretionary. ECF 29, Defendants' Brief in Support ("Defendants' Brief") at 12.

Plaintiff complained to his supervisor, Scotty, about his pay—specifically, that not all of the hours were showing up on his paycheck. Pl. Depo. 79:4–11. Scotty responded that he would discuss the matter with Nancy, who ran payroll for Defendants, or Jim, another supervisor. *Id.* at 78:10–21; 72:19–21 (description of Nancy's role); 25:24–26:5 (description of Jim's role).

Plaintiff separated from Defendants in July of 2022 and filed the initial complaint in this lawsuit in September of 2022. *Id.* at 100:1–3; ECF 2, Original Complaint.

**Page 3 of 16**
**Joshua Hickman v. Texarkana Truss, LLC, et al.**
**U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH**
**Response to Motion for Summary Judgment**

## IV.      ARGUMENT

**A.      Plaintiff's Evidence of his Overtime Hours Worked Is Sufficient.**

1.      <u>Applicable Law.</u>

Defendants first argue that Plaintiff cannot prove he worked *any* unpaid overtime, or the extent of such overtime. However, Plaintiff has produced evidence that Defendants' policies and practices directly led to him working uncompensated, off-the-clock overtime hours, and has provided adequate estimates of the amount of that time. Accordingly, Defendants' request for summary judgment must be denied.

The FLSA and AMWA require employers to pay their employees minimum wages for all hours worked through forty per week, and overtime wages at a rate of one and one-half times the employees' "regular rate" for all hours worked over forty per week, unless a valid exemption applies. *See* 29 U.S.C. § 206; 29 U.S.C. § 207; *see also* 29 U.S.C. § 213; Ark. Code Ann. § 11-4-210; Ark. Code Ann. § 11-4-211. In order to comply with the obligation to compensate employees for hours worked, employers must keep certain records for employees, including records of the number of hours worked each day and a total of the number of hours worked each week for each employee. 29 U.S.C. § 211(c); 29 C.F.R. § 516; Ark. Code Ann. §11-4-217; ARLSD § 010.14-102(A)(1)(g). Employers can use "any timekeeping method they choose" as long as the method is "complete and accurate." *Recordkeeping Requirements Under the Fair Labor Standards Act*, Wage and Hour Division Fact Sheet No. 021; *see also* 29 C.F.R. § 516.1; *see also* ARLSD § 010.14-102(A)(4).

The obligation to maintain accurate time records is always on the employer, not the employee; "the employer cannot transfer his statutory duty to his employees."

**Page 4 of 16**
**Joshua Hickman v. Texarkana Truss, LLC, et al.**
**U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH**
**Response to Motion for Summary Judgment**

*Goldberg v. Cockrell*, 303 F.2d 811, fn1 (5th Cir. 1962) (citing *Mitchell v. Reynolds*, 125 F. Supp. 337, 340 (W.D. Ark. 1954) ("[W]hile there is nothing to prevent an employer from delegating to his employees the duty of keeping a record of their hours, the employer does so at his own peril. He cannot escape the record-keeping provisions of the Act by delegating that duty to his employees.")).[1]

The Supreme Court established a framework for assessing employers' liability in lawsuits for unpaid wages in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see also Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference," the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–

---

[1]    *See also Kuebel v. Black & Decker, Inc.,* 643 F.3d 352, 363 (2d Cir. 2011) ("[O]nce an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation simply because the employee failed to properly record or claim his overtime hours.").

Page 5 of 16
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Motion for Summary Judgment

88. "When an employer has failed to keep proper records, courts should not hesitate to award damages based on the 'just and reasonable inference' from the evidence presented." *Reich v. Stewart*, 121 F.3d 400, 406 (8th Cir. 1997)

    2.    <u>Plaintiff's Evidence Is Sufficient.</u>

Plaintiff has produced sufficient evidence 1) that he was required to perform off-the-clock work for Defendants; and 2) of the extent of that off-the-clock work. Contrary to Defendants' arguments, Plaintiff's testimony was sufficiently specific to satisfy the *Anderson v. Mt. Clemens* standard. Plaintiff never deviated from his testimony that he was required to work two to three hours extra per day which went unrecorded, with some additional work on weekends. Pl. Depo 29:10–16 ("I was working, like, three hours overtime every day"); 40:18–41:6 ("I make it home around eight sometimes, so I say I worked two hours and a half every day or three hours"); 61:6–12 (agreeing that he worked 2.5–3 hours overtime each night which wasn't recorded or paid, plus some on the weekend). Plaintiff occasionally miscalculated the total hours per week based on the two to three extra hours per day—for example, and as Defendants noted multiple times, Plaintiff once mistakenly called it an extra forty hours per week. See Pl. Responses at 3; ECF 29 at 6 and 8. However, even within the interrogatory response where Plaintiff miscalculated his total weekly hours, he was consistent with his daily estimate of two to three extra hours per day. Pl. Responses at 3 ("I would say I was working about 2–3 hours off the clock each day at the end of the day[.]"). His unpaid overtime hours stemmed from the fact that he was often out on deliveries by the purported end of his shift, and he was often the only driver. Pl. Depo. 41:15–16. Far from being "general and vague," this testimony constitutes a "meaningful, consistent explanation of the hours

Page 6 of 16
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Motion for Summary Judgment

plaintiff claims to have worked." *Bridgeforth v. New Age Distrib., Inc.,* No. 4:20-cv-917-LPR, 2023 U.S. Dist. LEXIS 55433 at *22–23 (E.D. Ark. 2023).

The off the clock work was a direct result of Defendants' policies. Plaintiff testified,

[W]hen we get there to drop off the truck [after the scheduled end time], the building is locked down; so you can't clock out. So we have to tell Danielle, the manager at the time, 'Hey, this is the hours we worked. This is the time I got off.' She just write it down, and she just set it to the side. When we get ready to go clock in the clock out [sic], I don't see that.

Pl. Depo. 46:19–47:1. Defendants had no way for Plaintiff to clock in and out if the building was closed—e.g., there was no way to clock in and out remotely, such as on his phone. *Id.* at 39:3–6. Plaintiff's timecards show many entries were made by employees other than himself. See Exhibit 3, Plaintiff's Time Clock Report. Many of these entries show him "clocking out" at exactly 5:00 pm or other similarly suspicious round numbers. *Id.* While not direct evidence, this bolsters Plaintiff's testimony that employees other than himself had to clock him out if he was out driving past the end of the regular workday, and that those time entries were inaccurate.

Defendants' policies regarding clocking in and out led to Plaintiff working hours which went uncompensated, and prove that Defendants knew or should have known that Plaintiff was working those additional hours. Defendants knew that Plaintiff could not clock out if he returned late, and they took no steps to ensure that the secondary method of reporting hours (notifying Danielle or others) actually resulted in full pay for all hours worked. Plaintiff also testified that he complained to his supervisor, Scotty, specifically about not being paid for all hours.[2] Pl. Depo. 79:4–11.

---

[2]     Defendants handwave the complaint to Scotty as not sufficient to put them on notice of Plaintiff's allegations of working off the clock and have presented a self-serving affidavit from the same supervisor which denies any complaint or off-the-clock work. Not only is this argument insufficient to dis-

Page 7 of 16
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Motion for Summary Judgment

Defendants' statement that Plaintiff "admitted in his deposition that he clocked himself in and out all of the other times [other than the first two weeks of work]" is misleading. Defendants' Brief at 5. Besides disregarding Plaintiff's testimony regarding Danielle clocking him out when he returned to the yard late, Plaintiff testified that he did not recollect specific dates. Pl. Depo. 68:5–6 (Q: "Is the 5 p.m. accurate?" A: "I don't remember because it's been a while."); 69:2–5 (Q: "So you think [the time card is] accurate?" A: "Well, that's accurate if it's on a Saturday. . . . I guess I don't remember them days."). The following exchange is particularly telling:

> Q: The next one, at 6:30, you were clocked in at 6:30—or you clocked in at 6:30; is that accurate?
> A: Yes, ma'am.
> Q: But the 12 p.m. is not?
> A: I don't remember.
> Q: Okay. Is the 12:30 accurate?
> A: I don't—I don't remember.
> Q: Okay. Is the 5:15 accurate?
> A: It's a possibility, yes, ma'am.
> Q: All right. The next day, the 6:30 is accurate; but the 12 p.m. is not? Or do you know?
> A: I don't know.
> Q: All right. The 12:30 may or may not be accurate. What about the 5:00?
> A: I don't know.

Pl. Depo. 69:7–21. If every employee was required to remember the exact details about his or her timecard from two years ago in order to succeed in an FLSA claim, those successes would be few and far between.

Plaintiff has adequately testified to the extent of his hours worked "as a matter of just and reasonable inference." *See Stanbrough v. Vitek Sols., Inc.*, 445 S.W.3d 90, 100 (Mo. Ct. App. 2014). Employees such as Plaintiff may rely on their own recollection in

---

credit Plaintiff's testimony, it also ignores the fact that Defendants themselves implemented the procedure for reporting hours once the building was closed which did or should have put them on notice of after-hour work.

Page 8 of 16
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Motion for Summary Judgment

establishing the extent of damages, giving estimates of the average number of hours worked in a time period. *See Miller v. Centerfold Entm't Club, Inc.*, No. 6:14-CV-6074, 2017 U.S. Dist. LEXIS 125945, at *26–27 (W.D. Ark. Aug. 9, 2017) ("Plaintiffs have adequately estimated the relevant time periods in which they were employed by the Club and have given an average number of hours they worked in a week during that period.").[3] An employer's evidence that employees may have worked less than that alleged by the employees may create an issue of fact for trial by which Plaintiffs' evidence may be reduced or wholly negated, but where an issue of fact remains for trial, summary judgment is inappropriate. *See id.*; *see also Gustafson v. Full Serv. Maint. Corp.*, 2012 U.S. Dist. LEXIS 81676, at *15 (E.D. Mo., May 21, 2012) ("Although Defendant offers evidence to refute Plaintiff's showing, such evidence does not, as a matter of law, resolve the disputed issue in Defendant's favor."); *Stanbrough*, 445 S.W.3d at 101 ("Any dispute as to the precise amount of damages is a fact issue for trial.").

An employer such as Defendants "cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of [the FLSA]." *Perez v. Contingent Care, LLC*, 820 F.3d 288, 293–294 (8th Cir. 2016). Courts "should not hesitate to award damages based on the 'just and reasonable inference' from the evidence presented." *Id.* at 294 (citing *Martin v. Tony & Susan Alamo Found.*, 952 F.2d 1050, 1052 (8th Cir.

---

[3]      *See also Gustafson v. Full Serv. Maint. Corp.*, No. 4:11CV00443AGF, 2012 U.S. Dist. LEXIS 81676, at *4, 14–15 (E.D. Mo. May 21, 2012) (finding plaintiff's testimony that an average of approximately 11.25 hours of overtime each week, or 2.25 hours per day for approximately thirty-seven weeks throughout her eighteen-month employment with the defendant sufficient to establish a prima facie case); *Baden-Winterwood v. Life Time Fitness Inc.*, 729 F. Supp. 2d 965, 992 (S.D. Ohio 2010) (noting that a plaintiff "can estimate her damages, shifting the burden to the employer").

Page 9 of 16
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Motion for Summary Judgment

1992)). Further, Plaintiffs' estimates of uncompensated hours worked are sufficient even if Defendants can show specific weeks in which Plaintiff did not work within the estimated range of hours. *See Watts v. Silverton Mortg. Specialists, Inc.*, 378 F. Supp. 3d 1164, 1176–1177 (N.D. Ga. 2019) (noting that revision of damages "estimate after a plaintiff receives materials from her employer through discovery is common" and does not mandate summary judgment in defendant's favor even where defendant has produced evidence that the plaintiff was not working on certain days included in the estimates).[4]

Defendants attempt to discredit Plaintiff's testimony by calling it a guesstimate; this ignores not only the consistent precision in Plaintiff's testimony but also the legal standard that allows a Plaintiff to rely on his recollection, as long as that recollection does not deteriorate into speculation. *See e.g.*, *Meadows v. NCR Corp.*, No. 16 CV 6221, 2017 U.S. Dist. LEXIS 185801, at *27-28 (N.D. Ill. Nov. 9, 2017) ("While [plaintiff] may not speculate about the amount of his damages, he may rely on his recollection."). Defendants' cited cases do not contradict the extensive case law permitting employees to testify to the extent of their hours worked "as a matter of just and reasonable inference" based on the employees' "recollection alone." *Stanbrough v. Vitek Sols., Inc.*, 445 S.W.3d 90, 100 (Mo. Ct. App. 2014); *Russano v. Premier Aerial & Fleet Inspections, LLC*, No. 14-cv-14937, 2016 U.S. Dist. LEXIS 102313, at *13 (E.D. Mich. Aug. 4, 2016).

---

[4]    *See also Roeder v. DIRECTV, Inc.*, No. C14-4091-LTS, 2017 U.S. Dist. LEXIS 5134, at *96 (N.D. Iowa Jan. 13, 2017) ("While plaintiffs' evidence certainly gives rise to credibility issues, those issues are better left to a jury."); *Ali v. Jerusalem Rest., Inc.*, Civil Action No. 14-cv-00933-MEH, 2015 U.S. Dist. LEXIS 36987, at *11-14 (D. Colo. Mar. 23, 2015) (noting that a plaintiff's increase in overtime hours estimates "without any explanation may undermine her credibility, it does not negate the possibility of a jury's reasonable inference that she worked overtime hours for which she was not paid"); *Blakes v. Ill. Bell Tel. Co.*, 75 F. Supp. 3d 792, 815 (N.D. Ill. 2014) (noting that "having to approximate damages based on less than credible testimony would not in itself defeat [plaintiff's] entitlement to recover damages").

Page 10 of 16
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Motion for Summary Judgment

Plaintiff did not keep personal records of his hours worked, stating that he "didn't think like that." Pl. Depo. 46:12. In other words, he trusted his employer to follow the law. For Defendants to now use that trust against him is an improper attempt to "transfer [their] statutory duty to [their] employees." *Goldberg*, 303 F.2d at fn1.

Plaintiff's testimony is sufficiently specific, consistent and supported to satisfy the *Mt. Clemens* standard. Defendants' arguments to the contrary ignore the details in Plaintiff's testimony and hold him to an incorrect and improperly high standard. Based on the standards stated above, Plaintiff's estimates—which are supported by adequate details regarding the work performed by him and how he came to perform off-the-clock work—are sufficient to support Plaintiff's claim for unpaid overtime hours worked. Therefore, summary judgment in Defendants' favor is inappropriate.

3.   <u>The Case Law Relied Upon by Defendants Is Inapplicable.</u>

In their Motion Defendants recognize their own obligation to maintain records of hours worked by Plaintiff and the framework for proving the extent of hours worked by Plaintiff established by *Mt. Clemens*. Yet, Defendants argue that Plaintiff cannot demonstrate either the existence of uncompensated working time or the extent of that time. Defendants ground their argument in case law that bears insufficient resemblance to the current case to serve as a meaningful guide.

Defendants rely on *Holaway v. Stratasys, Inc.*, in which the employee "failed to put forward *any* evidence of the amount and extent of his work in excess of forty hours a week for any week worked for [the defendant]," and "instead, put forth contradictory and bare assertions of his overtime hours worked." 771 F.3d 1057, 1059 (8th Cir. 2014) (emphasis added). After distinguishing *Holaway* for this very reason, the court in *Alston*

**Page 11 of 16**
**Joshua Hickman v. Texarkana Truss, LLC, et al.**
**U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH**
**Response to Motion for Summary Judgment**

*v. DirecTV, Inc.*, confirmed that an employee need not produce evidence that is "so specific as to rise above the level needed for reasonable estimation" or that is "accompanied by other substantiating evidence." 254 F. Supp. 3d 765, 789 n.12 (D.S.C. 2017).

Courts in the Eastern District of Arkansas have similarly distinguished *Holaway* where the employees offered at least some basis for crediting their overtime estimates, including allegations that each employee "worked off-the-clock or had breaks skimmed on a weekly basis," and that one "had to go to other restaurants and get supplies at least once a week," and "worked off-the-clock preparing for inspections," while another "had to stay after her shift, or come in early, without pay two to three times a week," and "had to pick up supplies from other restaurants off the clock." *Love v. Retzer Res., Inc.*, No. 5:13-cv-292-DPM, 2015 U.S. Dist. LEXIS 173326, at *2–3 (E.D. Ark. Dec. 28, 2015). None of these allegations exceed the type of evidence produced by Plaintiff, and the court found the employees' claims "sufficiently supported to go to trial." *Id*. at *3.

*Carmody v. Kan. City Bd. Of Police Comm'rs* is similarly inapplicable. 713 F.3d 401 (8th Cir. 2013). In that case, the employer instituted a flextime policy by which officers sometimes received time off in lieu of overtime compensation. *Id*. at 403. Plaintiffs lost their case on summary judgment because they were unable to point to specific weeks when "flextime was mandated"—failure to pay overtime didn't necessarily mean that wages went unpaid, because it was possible the officers simply used their flextime instead. *Id*. at 406.

No such ambiguating factor is present in the instant case. Plaintiff's testimony is clear that he worked two to three hours extra nearly every day (stating he left on time

Page 12 of 16
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Motion for Summary Judgment

approximately once every two or three weeks). Pl. Depo. 41:7–42:13. Because Defendants never instituted a flextime policy or anything similar, the law is straightforward: hours worked over forty require overtime pay. 29 U.S.C. § 207(a)(1).

In sum, the cases cited by Defendants only confirm the obvious—where a plaintiff must resort to pure speculation regarding the number of hours he or she worked per week, so must a reasonable jury. *See e.g.*, *Meadows v. NCR Corp.*, No. 16 CV 6221, 2017 U.S. Dist. LEXIS 185801, at *27-28 (N.D. Ill. Nov. 9, 2017) ("While [plaintiff] may not speculate about the amount of his damages, he may rely on his recollection."). Defendant's cases do not contradict the extensive case law permitting employees to testify to the extent of their hours worked "as a matter of just and reasonable inference" based on the employees' "recollection alone." *Stanbrough v. Vitek Sols., Inc.*, 445 S.W.3d 90, 100 (Mo. Ct. App. 2014); *Russano v. Premier Aerial & Fleet Inspections, LLC*, No. 14-cv-14937, 2016 U.S. Dist. LEXIS 102313, at *13 (E.D. Mich. Aug. 4, 2016).

**B.    Whether Plaintiff's bonuses were discretionary is a genuine dispute of material fact.**

    1.    <u>Applicable Law</u>.

Employers may exclude discretionary bonuses from an employee's regular rate of pay, while nondiscretionary bonuses must be included for the purposes of calculating overtime pay. 29 U.S.C. § 207(e)(3). Bonuses which are part of the pay structure

> to induce [employees] to work more steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay. Most attendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, bonuses contingent upon the employee's continuing in employment until the time the payment is to be made and the like are in this category; in such circumstances they must be included in the regular rate of pay.

29 C.F.R. § 778.211.

**Page 13 of 16**
**Joshua Hickman v. Texarkana Truss, LLC, et al.**
**U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH**
**Response to Motion for Summary Judgment**

As a general rule, in order to be considered "discretionary" and thus excluded from the regular rate, a bonus must meet the following four criteria: "(1) the employer must retain discretion as to whether the payment will be made; (2) the employer must retain discretion as to the amount; (3) the employer must retain discretion as to the payment of the bonus until near the end of the period which it covers; and (4) the bonus must not be paid pursuant to any prior contract, agreement, or promise." *Halliburton v. Paladino Constr., Inc.,* 2022 U.S. Dist. LEXIS 92620 at *5 (E.D. Ark. 2022), quoting *Abbey v. United States,* 99 Fed. Cl. 430, 438 (2011) (cleaned up). The moment an employer "promises in advance to pay a bonus, he has abandoned his discretion with regard to it." 29 C.F.R. § 778.211.

### 2.  Defendants have not established that the bonuses were discretionary.

Defendants set forth no evidence of their own to prove any of the four prongs set forth above. Instead, Defendants rely solely on Plaintiff's testimony as to how the bonuses were calculated—this despite the fact that Plaintiff freely admitted that he did not know how the bonuses were calculated. Pl. Depo. 82:4–6 ("So you didn't know how [the bonuses] were calculated?" "No, ma'am."). However, Plaintiff believed, based on a conversation with his supervisor, that the bonuses were based on performance. *Id.* at 82:7–13. Defendants presumably have full knowledge of how bonuses were calculated, but rather than draw on that knowledge and give a detailed account, Defendants relied on incomplete second-hand knowledge of the Plaintiff. If the bonuses were truly discretionary, Defendants would not need to wait to depose Plaintiff to file a summary judgment motion on the issue—the necessary evidence is all within Defendants' control.

Additionally, Defendants attach improper relevance to the fact that Plaintiff did not

**Page 14 of 16**
**Joshua Hickman v. Texarkana Truss, LLC, et al.**
**U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH**
**Response to Motion for Summary Judgment**

receive a bonus every month; that other employees sometimes received and sometimes did not receive a bonus; and that the bonus amount changed from month to month. Defendant's Brief at 11. Defendants argue that these three facts alone prove that the bonuses were discretionary, but these facts prove nothing of the kind. It is easy to envision a scenario in which an employer implements a method for calculating nondiscretionary performance bonuses which results in different amounts each month or sometimes no bonus at all. In fact, it is more likely that a performance bonus will vary from month to month, because performance itself varies from month to month. These facts are simply irrelevant to the four-prong test of discretion.

Far from proving that the bonuses were discretionary, Plaintiff's testimony rather demonstrates how reasonable his claim is—upon his information and belief, the bonuses were based on performance, which 29 C.F.R. § 778.211 quite clearly categorizes as nondiscretionary. The only information Defendants provide about the bonuses comes from the Affidavit of Scotty Smith. *See* ECF 29-6. Although he stated that he did not know how the bonuses were calculated, he also stated that he knew that the bonuses were based on factors such as store performance, low maintenance costs, low material costs and employee performance. ECF 29-6 ¶ 12. These are objective performance metrics which tally closely with the nondiscretionary bonuses described in 29 C.F.R. § 778.211.

Because Defendants have provided minimal evidence as to how the bonuses were calculated or determined, it is ludicrous to say there is no dispute of material fact. A reasonable jury, based on the evidence set forth in Defendants' Brief, would have no way of determining whether the bonuses were discretionary or nondiscretionary, so it is

**Page 15 of 16**
**Joshua Hickman v. Texarkana Truss, LLC, et al.**
**U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH**
**Response to Motion for Summary Judgment**

impossible to say how such a jury would decide the issue. In order to make such a determination, the jury would need to hear evidence regarding how Defendants calculated the bonus (not how Plaintiff believes Defendants calculate the bonus); whether and when Defendants notified their employees that they would be receiving a bonus; and whether the bonus was part of the pay structure. Defendants have not provided any such evidence. Summary judgment is therefore inappropriate.

## V.        CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion for Summary Judgment.

Respectfully submitted,

**PLAINTIFF JOSHUA HICKMAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 16 of 16
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Response to Motion for Summary Judgment