UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| JOSHUA HICKMAN § | |
|     Plaintiff, § | |
| § | |
| vs. § | CASE NO. 6:22-CV-6101-SOH |
| § | |
| TEXARKANA TRUSS, LLC, § | |
| RED RIVER LUMBER COMPANY, § | |
| INC., and MICHAEL CRAVEN § | |
|     Defendants. § | |

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants, Red River Lumber Company, Inc., and Michael Craven, and file this Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment:

**A. NO ADDITIONAL OVERTIME IS OWED**

1. Plaintiff misrepresents to the Court his own testimony regarding his alleged overtime hours; the applicable burden of proof; and the standard for this Court's analysis in ruling on Defendants' motion. Plaintiff then requests the Court to ignore Plaintiff's contradictory testimony and focus solely on one part of one statement and deny Defendants' summary judgment. (*Doc. 31,* p.11.)

2. In *Bridgeforth v. New Age Distrib., Inc.,* No. 4:20-CV-917-LPR, 2023 U.S. Dist. LEXIS 55433, at *21 (E.D. Ark. 2023), the District Court clarified that there is a "relaxed standard" of proof for a plaintiff employee in proving the "amount of damages," but not in proving liability, and this relaxed standard" applies when the employer fails to maintain time and pay records for its employees:

> :…both the Supreme Court and the Eighth Circuit have concluded that, **when an employer fails to keep wage and hour records,** employees cannot be denied recovery because the precise extent of their work cannot be proven. *Anderson*, 328 U.S. at 687 [superseded by statute on other grounds]; *Dole v. Tony & Susan Alamo Found*., 915 F.2d 349, 351 (8th Cir. 1990); see also *Zornes v. Thompson Transp. Inc*., No. 4:19-CV-00474-LPR, 2020 U.S. Dist. LEXIS 203728, 2020 WL 6438252, at *7 (E.D. Ark. Nov. 2, 2020). In such circumstances,

> an employee can recover for unpaid overtime if that employee "produces sufficient evidence to show **the amount and extent of that work** as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687.
>
> Importantly, however, **this "relaxed standard"** is used for proving **"the amount of damages," not for proving liability**. *Christman*, No. 4:19-CV-00488-LPR, 2021 U.S. Dist. LEXIS 49860, 2021 WL 1035666, at *8-9, *8 n.120 (E.D. Ark. Mar. 17, 2021) (collecting authorities). Put another way, **the "relaxed standard" only** applies once the plaintiff has already proven that **"he has performed work and has not been paid in accordance with the statute."** *Anderson*, 328 U.S. at 688. To determine liability, the standard of proof is **always the same**: The plaintiff must prove by a preponderance of the evidence that he performed uncompensated work. *Thompson v. Dimichele Enters. Inc.*, No. 4:18-CV-00903-LPR, 2020 U.S. Dist. LEXIS 47656, 2020 WL 1285040, at *6 (E.D. Ark. Jan. 3, 2020)….But—even if one was to apply the relaxed standard throughout the entire case—relying "mainly just [on] **recollections** of [the employee's] daily activities" **does not suffice,** at least where those recollections are **general and vague.** *See Holaway*, 771 F.3d at 1058-60 (citation omitted). (Emphasis added.)

*Id.* at *21-22. *See Holaway v. Stratasys,* 771 F.3d 1058-60 (8th Cir. 2014), and *Christman v. New Age Distributing, Inc.*, No. 4:19-CV-00488-LPR, 2021 U.S. Dist. LEXIS 49860, 2021 WL 1035666, at *9-11 (E.D. Ark. Mar. 17, 2021). Furthermore, the plaintiff has to be **specific** about the overtime hours he worked and when he worked them; he cannot speculate:

> To survive summary judgment, the nonmoving party "must demonstrate the existence of **specific facts** supported by **sufficient probative evidence** that would permit a" favorable finding "on **more than mere speculation, conjecture, or fantasy."** *Donathan v. Oakley Grain, Inc.,* 861 F.3d 735, 739 (8th Cir. 2017) (cleaned up) (quoting *Mann v. Yarnell,* 497 F.3d 822, 825 (8th Cir. 2007)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

*Bridgeforth, supra,* at *20.

3. Defendants maintained time records for Plaintiff that show when Plaintiff clocked in and out of work (*Doc. 29.3*), and wage records which show regular hours paid and overtime hours paid. (*Doc. 29.4*). These records evidence that Plaintiff worked overtime many of the weeks and was paid for those overtime hours. (*Id.*) Plaintiff admits he has no documentation – no notes, records, or logs - of any hours he claims he worked for Defendants. (*Doc. 29.1*, pp.46, 60.) Plaintiff's estimates of overtime hours allegedly worked and not paid keep changing:

Plaintiff's Complaint initially claims that he "…regularly or occasionally" worked in excess of forty hours per week…." (*Doc. 2*, para.31.) He also claims Defendants deducted an hour per day "…purportedly to account for his [Plaintiff's] lunch break" even though he was "regularly required to work through lunch." (*Id.*, paras. 35 and 36.)[1]

In Plaintiff's verified answers to interrogatories, Plaintiff swore under oath that he worked 80 hours **every week** while he worked for Defendants. (*Doc. 29.1*, pp.58-59.)[2] Plaintiff admitted in his deposition that while he signed the verification under oath, the answer to that interrogatory was **false**. (*Id.* at 60.)

Plaintiff admits that with a few exceptions, Defendants' time clock records maintained for Plaintiff which list the hours worked by Plaintiff while employed by Defendants (*Doc. 29.3*) are the hours **Plaintiff clocked himself in and out**. (*Doc. 29.1*, pp.74-78.) These records do not show that Plaintiff worked 80 hours every week (or any week).

Plaintiff changes his testimony later in his deposition to state that he worked 2-3 hours of overtime **every day, at least 5 days a week**, while he worked for Defendants. (*Id.*, p.61.)

Plaintiff's Response to Defendants' Statement of Facts cites to only his testimony that he claims it was 3 hours of overtime **every** day. *(Doc. 30,* p.2, citing *Doc. 31,* p.29:10–16.) Then, it was 2.5-3 **each night** plus some on the weekends. (*(Id.,* p.2, citing *Doc. 31,* 61:6–12.)

Then Plaintiff states it was **not every week** [that he worked 2-3 hours overtime each day], **but he does not know which weeks** were included. (*Doc. 29.1*, p.109.)

Plaintiff realized that his testimony was speculative so he testified that his supervisor, Scotty Smith, could identify when Plaintiff worked overtime hours. (*Doc.29-1*, p. 110.) Mr. Smith's affidavit explains the process for ensuring Plaintiff's time was recorded if he returned late to the lumber yard so that Plaintiff was, in fact, paid for all of his overtime hours. (*Doc. 29.6.)*

4. Plaintiff described his testimony as "particularly telling"[3] and Defendants agree it does show

Plaintiff's speculation:

| | | |
|---|---|---|
| 7 | Q. | Okay. The next one, at 6:30, you were clocked in |
| 8 | | at 6:30- or you clocked in at 6:30; is that accurate? |
| 9 | A. | Yes, ma'am. |
| 10 | Q. | But the 12 p.m. is not? |
| 11 | A. | I don't remember. |
| 12 | Q. | Okay. Is the 12:30 accurate? |

---

[1] The time records show that when someone clocked Plaintiff in and out for lunch, it was for thirty minutes. (*Doc. 29.3.*) Scotty Smith's affidavit confirms that Plaintiff often took an hour for lunch on the road so he actually received more pay than he should have. (*Doc. 29.6.*)

[2] The interrogatory response includes statements of 1-2 hours of overtime **every** morning before the managers arrived and 2-3 hours **every** evening.

[3] The meaning of Plaintiff's reference is uncertain. But much like the rest of Plaintiff's testimony, Plaintiff admitted that he reviewed his time records 2 weeks before the deposition (*Doc. 31.1,* 14), and then said he had not. (*Id.,* p.73.)

```
13    A.    I don't – don't remember.
14    Q.    Okay.  Is the 5:15 accurate?
15    A.    It's a possibility, yes, ma'am.
16    Q.    All right.  The next day, the 6:30 is accurate; but
17          the 12 p.m. is not? Or do you know?
18    A.    I don't know.
19    Q.    All right.  The 12:30 may or may not be accurate.
20          What about the 5:00?
21    A.    I don't know.
```

(*Doc. 31*, p.8.)  This is just one sampling of his speculative testimony.  Plaintiff also argues that a clock out time of a "round number" is "suspicious*." (Id.,* p.7.)  Yet, here are examples of Plaintiff clocking himself out exactly at 5:00 pm:

| Paid 02/04/2022 Check # 7374 | 02/02/2022 | 6:49 AM | 10:27 AM | LUNCH |
| Paid 02/04/2022 Check # 7374 |  | 11:06 AM | 5:00 PM | EOD |
| Paid 06/03/2022 Check # 7940 | 06/01/2022 | 6:22 AM | 2:05 PM | LUNCH |
| Paid 06/03/2022 Check # 7940 |  | 3:58 PM | 5:00 PM | EOD |

(*Doc.29-3*, Bates pp.10, 16.)  There are also examples of Plaintiff clocking in at a "round number." (*Doc.29-3*.)  Plaintiff also complains that "there were many entries made by others" on his timecards.  (*Id*.)  But Plaintiff explains that when he worked late, he notified Danielle ("Judith Chenault"), the store manager, so his timecard could be edited.  (*Doc. 31.1*, pp.54; 66; 75; and 84.)

5. The facts of this case are similar to those in *Bell v. Westside Dialysis Unit, LLC*, No. 4:21-CV-00748-BRW, 2023 U.S. Dist. LEXIS 11413 (E.D. Ark. 2023), in which summary judgment was granted for the defendant.  In *Bell,* the plaintiff relied on <u>only</u> her testimony to support her claims, and the district court found that the testimony regarding the alleged work hours was "general and vague" as it "provide[d] a mixed bag of alleged overtime and regular hours….Additionally, Plaintiff alleges that she worked '[g]enerally, at least two days a month' at home, **but couldn't recall the specific dates or times.**'" *Id.* at *7-8.(Emphasis added.) The plaintiff in *Bell* contended that her coworkers could corroborate her testimony but failed to provide any such affidavits or deposition testimony. As the court held in *Bell,* "At this point, Plaintiff must meet proof with

proof…." *Id.* at *9. In the case at bar, Plaintiff is relying only on his testimony, just like the *Bell* plaintiff, and contends his supervisor would know better about his overtime hours. Defendants provided Mr. Smith's affidavit (*Doc. 29-6)* and he does not support Plaintiff's allegations.

6. Plaintiff also cites *Miller v. Centerfold Entm't Club, Inc.*, No. 6:14-CV-6074, 2017 U.S. Dist. LEXIS 125945, at *26-27 (W.D. Ark. 2017), to support his argument that he can simply give estimates for the overtime hours he worked. However, *Miller* is inapplicable because in that case, the defendants kept **no records** "as to the tenure, hours worked, or the amount of money in tips collected by Plaintiffs during their time at the Club." *Id.* at *7. The same is true with Plaintiff's reliance on *Gustafson v. Full Serv. Maint. Corp.,* No. 4:11CV00443AGF, 2012 U.S. Dist. LEXIS 81676, at *4, 14–15 (E.D. Mo. May 21, 2012) in which the employer kept **no records** of the plaintiff's overtime hours. Both of these cases are inapposite to the case at bar since Defendants maintained time records of regular and overtime hours for the Plaintiff.

7. Finally, Plaintiff argues that *Alston v. DirecTV, Inc.*, 254 F. Supp. 3d 765 (D.S.C. 2017), an out of circuit district court case, supports his argument that his nonspecific estimates do not need accompanying, substantiating evidence. *(Doc. 31*, pp.11-12.) However, the presiding judge in *Alston* states in a footnote that he does not agree with the Eighth Circuit in *Holaway v. Stratasys, Inc.*, 771 F.3d 1057 (8th Cir. 2014), wherein the Eighth Circuit affirmed a grant of summary judgment to the employer when the employee "failed to put forward *any evidence* of the amount and extent of his work" and, "instead, put forth contradictory and bare *assertions* of his . . . hours worked." *Id.* at 1059. In the case at bar, Plaintiff copied Holaway's testimony. It is insufficient proof. Defendants compel this Court to follow the Eighth Circuit's ruling in *Holaway* as controlling in this case.

8. Plaintiff admits he has nothing to controvert Defendants' time clock records, no documentation of the additional hours he claims he worked for Defendants. (*Doc. 29.1*, pp. 46, 60.) Defendants

*REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*     Page 5 of 9

recorded Plaintiff's regular and overtime hours and adjusted them when he called in or texted. (*Doc. 29.3.*) Defendants paid Plaintiff for his regular and overtime hours. (*Doc. 29.4.*) All Plaintiff has submitted to this Court is his vacillating testimony about working some amount of overtime, at some points in time, for which Defendants owe him. Plaintiff does not know when he worked, and he is not certain how much time he worked. At this stage, Plaintiff cannot even say if he has already been paid for it.[4] That alone does not prove an FLSA claim. *Bridgeforth, supra*. *See also, Zornes v. Thompson Transp.*, No. 4:19-cv-00474-LPR, 2020 U.S. Dist. LEXIS 203728, at *19 (E.D. Ark. 2020), citing *Carmody v. Kan. City Bd. of Police Comm'rs*, 713 F.3d 401, 407 (8th Cir. 2013)("[W]ithout record evidence of a single hour worked over forty hours that did not receive overtime wages . . . **unsupported estimations of the unpaid hours due are not enough**.") Even the relaxed standard does not allow the Plaintiff to recover with such "speculation and conjecture." *Id. See also, Holaway, supra,* at 1060 (Vague and unspecific testimony will not do.); *Carmody, supra,* (A plaintiff should point to "specific dates worked, specific hours worked, or money owed…. [U]nsupported estimations of the unpaid hours due are not enough."); and *Meinke v. S. Paramedic Servs.*, No. 4:15-cv-448-DPM, 2017 U.S. Dist. LEXIS 3336, at *2 (E.D. Ark. 2017)("Other than Meinke's bare assertions, there's no record evidence of unpaid time worked. Even taking all inferences in his favor, those assertions alone wouldn't adequately support a jury's finding that Meinke worked unpaid time in any given week." Citing *Holaway, supra.*)

9. Defendants respectfully request the Court to grant summary judgment on this issue.

## B. PLAINTIFF CANNOT PROVE THE BONUS WAS NONDISCRETIONARY

9. Plaintiff claims that a bonus he received from Defendants should have been included in his "regular rate" when calculating overtime pay. (*Doc. 2*, paras.26-34.) Plaintiff's only proof

---

[4] Plaintiff said he complained about his pay once to Scotty Smith, his supervisor, (which Scotty denies) but Plaintiff never checked his pay records to see if he was paid. (*Doc. 29.1*, pp. 78-79.)

regarding the bonus issue is his testimony, and once again, this testimony changed. In his Complaint, he claims he received "quota bonuses" (*Doc. 5,* para.32), and in the very next paragraph, they were "attendance bonuses." *(Id.,* para.34). Neither of these descriptions is accurate. Plaintiff was guessing yet again as to what the bonuses were because Plaintiff testified he had no idea how the bonuses were calculated. (*Doc. 29-1*, p. 82.) Plaintiff admitted that not everyone received a bonus. (*Id.*, pp. 81, 110-111). Plaintiff first testified that the bonuses were close to the same amount every time (*Id*, pp. 81, 84), but later admitted that the bonuses were not always the same amount. (*Id*, pp. 81-82.)[5] Plaintiff testified that he "expected to receive a bonus every time they were given out" but admitted later that not everyone received a bonus. (*Id.,* pp. 79-82.) Then, he admitted that whether he expected a bonus, he knew he might not receive one. (*Id,* p.111.) Plaintiff has no agreement, contract, or promise from the Defendants that a bonus will be paid. *29 U.S.C. § 207(e)(3).* Plaintiff testified that whether someone received a bonus was up to how his supervisor, Scotty Smith, felt – i.e., his discretion. (*Id.,* p.111; *Doc.31*, p.82:15-21.) This testimony is insufficient to establish that the bonus was nondiscretionary. *Halliburton v. Paladino Constr., Inc.*, No. 4:21-CV-00120-BRW, 2022 U.S. Dist. LEXIS 92620, at *6 (E.D. Ark. 2022) (Summary judgment was granted to defendant because "…Plaintiff has failed to provide **any evidence beyond his statement** that the bonus was nondiscretionary to support his position.") The evidence establishes that the Defendants paid their employees discretionary bonuses. The bonuses should not be included in the calculation of Plaintiff's "regular rate." Defendants' request that their motion for summary judgment be granted.

---

[5] Defendants have produced bonus pay records establishing that Plaintiff's bonuses ranged from $125 to $500. (*Doc.29-5.*)

*REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*          Page 7 of 9

## C. CONCLUSION

10. The undisputed material facts establish that Defendants paid Plaintiff all of his regular pay and all of his overtime pay for overtime hours worked by Plaintiff. Plaintiff has no proof that the bonuses paid by Defendants were nondiscretionary. The evidence establishes that the bonuses were discretionary and should not be included in his "regular rate." No further pay is due to Plaintiff. Defendants respectfully request that summary judgment be granted to Defendants in all respects. Defendants also request that in granting this summary judgment, the Court concludes that the Plaintiff is not entitled to the benefit of a three-year statute of limitations for willful violations under 29 U.S.C *§255(a)* or to liquidated damages under *29 U.S.C. §216(b)* of the Fair Labor Standards Act or Ark. Code Ann. or §11-4-218 of the Arkansas Minimum Wage Act.

WHEREFORE, PREMISES CONSIDERED, Defendants, Red River Lumber Company, Inc., and Michael Craven, pray that this Court grant their Motion for Summary Judgment, for attorney's fees, court costs, and for all further relief to which they may show themselves just entitled.

Respectfully submitted,

 */s/ Louise Tausch*
**LOUISE TAUSCH**
Arkansas Bar No. 86212
Texas State Bar No. 19680600
Email: ltausch@arwhlaw.com

**ATCHLEY, RUSSELL, WALDROP & HLAVINKA, LLP**
1730 Galleria Oaks Drive
Texarkana, Texas 75503
Tel 903-792-8246
Fax 903-792-5801

**ATTORNEY FOR DEFENDANTS,
RED RIVER LUMBER COMPANY, INC.
and MICHAEL CRAVEN**

## NOTICE OF ELECTRONIC FILING

      I, Louise Tausch, attorney for Defendants, certify that I have electronically submitted a true and correct copy of the foregoing for filing in accordance with the Electronic Case Files System of the USDC – Western District of Arkansas, on March 22, 2024.

      /s/ *Louise Tausch*

**LOUISE TAUSCH**