**UNITED STATES DISTRICT COURT**
**IN THE WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

| | | |
|---|---|---|
| **JOSHUA HICKMAN** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:22-CV-6101-SOH** |
| | § | |
| **TEXARKANA TRUSS, LLC,** | § | |
| **RED RIVER LUMBER COMPANY,** | § | |
| **INC., and MICHAEL CRAVEN** | § | |
| **Defendants.** | § | |

**PRETRIAL DISCLOSURES OF DEFENDANTS, RED RIVER LUMBER COMPANY,**
**INC., AND MICHAEL CRAVEN,**

Pursuant to the Court's Scheduling Order (Doc. 18) and Order of Continuance (Doc. 22), Defendants, Red River Lumber Company, Inc., and Michael Craven[1], submit this their Pretrial Disclosures:

1.    **PARTY SUBMITTING THE INFORMATION:**  Defendants, Red River Lumber Company, Inc., and Michael Craven.

2.    **COUNSEL FOR THE PARTY:**

      Defendants:    Louise Tausch
                      Atchley, Russell, Waldrop & Hlavinka, LLP
                      1730 Galleria Oaks Drive
                      Texarkana, Texas 75503
                      903/792-8246 phone
                      903/792-5801 fax
                      ltausch@arwhlaw.com

---

[1] A Joint Stipulation of Dismissal of Defendant, Texarkana Truss, LLC, was filed on or about January 22, 2024. (Doc. 26.)

3.      **SUMMARY OF CLAIMS AND RELIEF SOUGHT**:

This is a case for overtime wages brought pursuant to the Fair Labor Standards Act, 20 U.S.C. §201 *et. seq.,* and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et.seq*., (AMWA).[2]  Plaintiff claims that while he worked for Defendants, they failed to pay him all of his wages.  Plaintiff claims that he worked overtime hours every week that he worked for Defendants; that the bonuses he received were nondiscretionary; and that Defendants' actions were willful.

Defendants maintained time sheets for the Plaintiff wherein he clocked in and out.  There were occasions when the store manager clocked in and out for Plaintiff when he notified her that he returned late the night before from a delivery or took less time for lunch. Defendants notified Plaintiff of the possibility of discretionary bonuses at the beginning of his employment, and that neither receipt nor amount were guaranteed.  Plaintiff admitted that not everyone received a bonus each time, and the bonuses were not all the same amounts.

4.      **PROSPECTS FOR SETTLEMENT**:

None at this time.

5.      **BASIS FOR JURISDICTION**:

Jurisdiction in this case is based on the following: Fair Labor Standards Act, 20 U.S.C. §201 *et. seq.,* and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et.seq*., (AMWA).

Jurisdiction is not disputed.

6.      **PENDING MOTIONS**:

Defendants' Motion for Summary Judgment.

7.      **SUMMARY OF THE FACTS**:

Plaintiff worked directly for Defendants loading trucks/trailers and delivering them to customers, picking up materials from vendors, picking up returns from jobsites pulling loads, assisting customers, and cleaning the yard from December 9, 2021, to July 13, 2022.   Defendants paid Plaintiff for regular hours worked, overtime hours worked, and discretionary bonuses.  Defendants maintained documentation of Plaintiff's hours worked every day of each week worked.  Plaintiff admits he has no documentation of any hours he claims he worked for Defendants.  His testimony regarding the hours he worked is based solely on memory, and it keeps changing. He did not keep any notes, records, or

---

[2] This was initially filed as a collective action, but Plaintiff's counsel did not pursue it.  Therefore, there is only one Plaintiff, Josh Hickman.

logs that could substantiate his time estimates. In Plaintiff's verified answers to interrogatories, Plaintiff swore under oath that he worked 80 hours **every week** while he worked for Defendants. Plaintiff admits that while he signed the verification under oath, that answer was false. Plaintiff admits that, except for a few entries at the beginning of his time records, the time clock records maintained by Defendants listing the hours worked by Plaintiff while employed by Defendants are the hours Plaintiff clocked himself in and out. (Defendants' time records to Plaintiff and his pay records clearly establish that when Plaintiff worked overtime hours, he was paid at an overtime rate for those hours.) Plaintiff has no documentation controverting this evidence. Later in Plaintiff's deposition, he changes his testimony to state that he worked 2-3 hours of overtime every day, at least 5 days a week, while he worked for Defendants. Plaintiff states it was not every week, but he does not know which weeks were included. Lastly, Plaintiff states that his supervisor, Scotty Smith, would know more about his overtime hours. Scotty Smith's affidavit establishes that Plaintiff was paid for all of the overtime hours he worked.

In regard to the discretionary bonuses, Plaintiff admits that not everyone received a bonus every time bonuses were given. Plaintiff admits that the bonuses were different amounts each time. Plaintiff also admits that he has no idea how the bonuses were calculated. Most importantly, while Plaintiff stated that he "expected" a bonus, he knew he might not get one.

On July 13, 2022, Plaintiff quit without notice (and without clocking out). Plaintiff became angry one morning because a different supervisor told Plaintiff to load and deliver an order (which was one of Plaintiff's job duties as a driver). Plaintiff wanted to wait until his supervisor arrived at the store to receive the instructions from him. An argument ensued and Plaintiff walked out. On his way out, Plaintiff told those present that he was going to sue them. This lawsuit followed.

## 8. PROPOSED STIPULATIONS AND UNCONTESTED FACTS:

A.   Plaintiff worked for Defendants at Davis Lumber in Malver from December 9, 2021, through July 13, 2022.

B.   Plaintiff's work consisted of loading trucks/trailers and delivering them to customers, picking up materials from vendors, picking up returns from jobsites pulling loads, assisting customers, and cleaning the yard.

C.   Plaintiff's hourly rate while working for Defendants from December 9, 2021, to July 13, 2022, was $14.00.

D.   Defendants maintained documentation of every hour Plaintiff worked for each week he worked for Defendants.

E.   Plaintiff was paid for all regular hours that he worked for Defendants.

F.      Plaintiff's time sheets include overtime hours, and the payroll records show that Plaintiff was paid for those overtime hours.

G.      Plaintiff has no documentation of any additional hours he claims he worked for Defendants.

H.      Plaintiff did not keep any notes, records, or logs regarding any additional hours he claims he worked.

I.      Plaintiff swore under oath that he worked 80 hours every week while he worked for Defendants.

J.      Plaintiff later swore under oath that his previous sworn statement that "he worked 80 hours every week while he worked for Defendants" was false.

K.      Except for a few entries at the beginning of his time clock records on pages 1 and 2, all of the rest of the list of his hours worked while employed by Defendants are the hours Plaintiff clocked himself in and out.

L.      Plaintiff has no documentation controverting Defendants' time records, and the pay records that show that when Plaintiff worked overtime hours, he was paid at an overtime rate for those hours.

M.      Scotty Smith, Plaintiff's supervisor, knows more about Plaintiff's overtime hours than Plaintiff does.

N.      Not all employees received a bonus.

O.      Plaintiff knew he might not receive a bonus.

P.      The bonuses were not always the same amount.

Q.      Plaintiff has no idea how the bonuses were calculated.

R.      Bonuses were never guaranteed or promised to Plaintiff or any employee.

S.      Defendants retained discretion both as to the fact of payment of a bonus and as to the amount.

T.      On July 13, 2022, Plaintiff quit without notice. Plaintiff got angry one morning that a different supervisor told Plaintiff to load and deliver an order which was one of his job duties as a driver.  Plaintiff wanted to wait until his supervisor arrived at the store to receive the instructions from him.  There was an argument and Plaintiff walked out.

9. **CONTESTED ISSUES OF FACT**

    A.    Whether Plaintiff can prove that he worked any unrecorded overtime hours for which Defendants did not pay Plaintiff.

    B.    Whether the Defendants knew or should have known that Plaintiff was working the claimed unrecorded overtime hours.

    C.    Whether the Defendants' failure to pay [overtime] conduct was willful.

    D.    The amount of damages, if any, Plaintiff has proven.

10. **CONTESTED ISSUES OF LAW**

    A.  Based on Plaintiff's Response to Defendants' Motion for Summary Judgment, Defendants assert that there is a contested issue of law concerning Plaintiff's standard of proof regarding liability.  Plaintiff is confusing it with a relaxed standard of proof for establishing damages when the employer does not maintain any record of hours worked. *Bridgeforth v. New Age Distrib., Inc.,* No. 4:20-CV-917-LPR, 2023 U.S. Dist. LEXIS 55433, at *21-22 (E.D. Ark. 2023).

    B.  Whether the bonuses Defendants paid Plaintiff were nondiscretionary.

11. **LIST OF EXHIBITS**

    See attached Exhibit List of Defendants.

12. **LIST OF WITNESSES**

    See attached Witness List of Defendants.

13. **STATUS OF DISCOVERY**

    Completed.

14. **PROBABLE LENGTH OF TRIAL**

    The probable length of trial is 3 days, including jury selection.

                Respectfully submitted,

                **LOUISE TAUSCH**
                Arkansas Bar No. 86212
                Texas State Bar No. 19680600
                Email: ltausch@arwhlaw.com

**ATCHLEY, RUSSELL, WALDROP &
HLAVINKA, LLP**
1730 Galleria Oaks Drive
Texarkana, Texas 75503
Tel 903-792-8246
Fax 903-792-5801

**ATTORNEYS FOR DEFENDANTS,
RED RIVER LUMBER COMPANY, INC.,
and MICHAEL CRAVEN**


**NOTICE OF ELECTRONIC FILING**

I, Louise Tausch, attorney for Defendants, certify that I have electronically submitted a true and correct copy of the foregoing for filing in accordance with the Electronic Case Files System of the USDC – Western District of Arkansas, on April 19, 2024.


 /s/ Louise Tausch
**LOUISE TAUSCH**