IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JOSHUA HICKMAN**                                                                                           **PLAINTIFF**

vs.                                         No. 6:22-CV-6101-SOH

**TEXARKANA TRUSS, LLC,**                                                                       **DEFENDANTS**
**RED RIVER LUMBER COMPANY, INC.,**
**and MICHAEL CRAVEN**

**PLAINTIFF'S PRETRIAL DISCLOSURE SHEET**

Plaintiff Joshua Hickman, by and through his attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and for his Pretrial Disclosure Sheet does hereby state as follows:

**1.      Identity of the party submitting information.**

Plaintiff Joshua Hickman, by and through his attorneys of Sanford Law Firm, PLLC.

**2.      Names, addresses, and telephone numbers of all counsel for the parties.**

Sean Short and Josh Sanford of Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Telephone: (501) 221-0088, Facsimile: (888) 787-2040; Emails: sean@sanfordlawfirm.com and josh@sanfordlawfirm.com.

**3.      A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201 *et seq*. The FLSA and AMWA require employers to pay each employee their regular wages and an

overtime premium for all hours worked over forty per week. 29 U.S.C. § 206, 207; Ark. Code Ann. § 11-4-210–211. Defendants failed to pay Plaintiff his regular rate and a proper overtime premium for all hours worked over forty per week. Therefore, Plaintiff seeks to recover damages in the form of unpaid regular wages and overtime premiums, liquidated damages, attorneys' fees, and costs as provided for by 29 U.S.C. § 216(b) and Ark. Code Ann. § 11-4-218.

4. **Prospects of settlement.**

Plaintiff remains open to a reasonable settlement and are hopeful that Defendants will be receptive to entering negotiations and avoiding the expense of trial, if possible.

5. **The basis for jurisdiction and objections to jurisdiction.**

Plaintiff seeks relief under the FLSA, 29 U.S.C. § 201, *et seq.* Therefore, this Court has original jurisdiction of this action under 28 U.S.C. § 1331. Plaintiff also seeks relief under the AMWA, which is within this Court's supplement jurisdiction pursuant to 28 U.S.C. § 1367(a), because the claim forms part of the same case or controversy and arises out of the same facts as the FLSA claims. Venue is proper pursuant to 28 U.S.C. § 1391, because the State of Arkansas has personal jurisdiction over Defendants and therefore Defendants "reside" in Arkansas, and the acts complained of in Plaintiff's Complaint were committed and had their principal effect within the Western District of Arkansas. Plaintiff knows of no objections to jurisdiction or venue.

6. **List of pending motions.**

Defendants' Motion for Summary Judgment. ECF No. 27.

**7.     A concise summary of the facts.**

Plaintiff began work for Defendants in October 2021 as a temporary worker via Labor Finders. In December of 2021, he was hired full-time by Defendants. This lawsuit and the related damages stem only from Plaintiff's employment with Defendants from December of 2021 until July of 2022.

Plaintiff worked as a "yard handler," meaning he prepared loads of wood for trucks, loaded the trucks or trailers. He also worked as a truck driver, meaning he also delivered the loads to customers and returned loads from jobsites. Plaintiff's regularly scheduled hours were from 7 am until 5 pm, Monday through Friday (which includes occasional lunch breaks), plus five hours on Saturdays.

Plaintiff was regularly required to work outside his scheduled hours—hours which went unrecorded and uncompensated. Defendants sometimes required Plaintiff to arrive at work early or work extra on weekends, but more often required Plaintiff to stay after work in the evenings. In total, Plaintiff worked two to three extra hours nearly every weekday—hours for which he was not paid.

Plaintiff also regularly received bonuses from Defendants based on factors such as store performance, low maintenance costs, low material costs and employee performance. Defendants did not include those bonuses in Plaintiff's regular rate of pay for the purposes of calculating his overtime pay.

**8.     All proposed stipulations.**

A.     The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

B. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

C. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

D. Plaintiff was a citizen of the United States and resident of and domiciled in the State of Arkansas at the time of the filing Plaintiff's Original Complaint.

E. Red River Lumber Company, Inc., conducts business within the State of Arkansas.

F. Red River Lumber Company, Inc., qualifies as a covered "employer" as that term is defined by the FLSA and AMWA.

G. Red River Lumber Company, Inc.'s, annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of the Original Complaint.

H. In the course of performing his work for Red River Lumber Company, Inc., Plaintiff regularly handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

I. At all times relevant to this action, Red River Lumber Company, Inc., employed at least four individuals on a full-time basis.

J.  Red River Lumber Company, Inc., is subject to the provisions of the FLSA and AMWA.

K.  As an employee of Defendants, Plaintiff was entitled to the protections of the FLSA and AMWA during his tenure of employment.

L.  Separate Defendant Michael Craven ("Craven") is an employer subject to the requirements of the FLSA and the AMWA.

M.  Defendant Craven, individually in his role as an operating employer of Red River Lumber Company, Inc., had the power to hire and fire Plaintiff, supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay or lack thereof.

N.  Plaintiff worked for Defendants from December 9, 2021, through July 13, 2022.

O.  Plaintiff earned $11.75 per hour while at Labor Finders, and it was increased to $14 per hour when he was hired by Davis Lumber.

P.  Plaintiff's scheduled hours were 7am to 5pm Monday through Friday and 7am to noon on Saturday.

**9.  The issues of fact expected to be contested.**

A.  The number of hours that Plaintiff worked per week.

B.  Whether Defendants failed to keep adequate or accurate records of Plaintiff's hours.

C.  Defendants' knowledge of the number of hours worked by Plaintiff per week.

D.  Whether Defendants retained discretion as to whether the payment for Plaintiff's bonuses would be made.

E. Whether Defendants retained discretion as to the amount of Plaintiff's bonuses.

F. Whether Plaintiff's bonuses were paid pursuant to any prior contract, agreement, or promise.

**10. The issues of law expected to be contested.**

A. Whether Defendants violated the FLSA and AMWA by not paying Plaintiff a proper overtime rate for all hours worked in excess of forty per workweek.

B. Liquidated damages (i.e., whether Defendants acted in objective and subjective good faith in failing to compensate Plaintiffs as required under the FLSA).

C. The amount of damages owed to Plaintiff.

**11. A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used if the opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiffs expect to offer the following exhibits:

A. Payroll/earnings records.

B. Excerpts from Plaintiffs' employee files.

C. Damage calculations.

Plaintiff may offer the following exhibits:

A. Any filed document of record by Defendants in this case;

    B.     Any filed document of record by Plaintiff in this case;

    C.     Any and all documents obtained or produced in discovery.

    12.    **The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiff expects to call Joshua Hickman and Michael Craven.

Plaintiff may call any person identified by Defendants in Defendants' disclosures and discovery responses.

    **13. The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery is complete.

    **14.    An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiff estimates that the trial of this matter can be accomplished in two to three days. The proposed stipulations in Paragraph 8 above are offered in order to expedite the disposition of this action.

Respectfully submitted,

**PLAINTIFF JOSHUA HICKMAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com