UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOSHUA HICKMAN §<br>  Plaintiff, §<br> §<br>vs. §<br> §<br>TEXARKANA TRUSS, LLC, §<br>RED RIVER LUMBER COMPANY, §<br>INC, and MICHAEL CRAVEN §<br>  Defendants. § | | CASE NO. 6:22-CV-6101-SOH |

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE

Defendants, Red River Lumber Company, Inc., and Michael Craven ("Defendants"), move the Court in limine to instruct Plaintiff not to mention, refer to, interrogate concerning, attempt to offer into evidence, or convey to the jury in any manner, either directly or indirectly, any testimony or other evidence or information of any kind with respect to, the below-described motions in limine. In the alternative, Defendants request a hearing to determine the admissibility of any such evidence, statements, or testimony.

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Federal Rule of Evidence 103(d) requires that "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Furthermore, Federal Rule of Evidence 104(c) requires that "[t]he court must conduct any hearing on a preliminary question so that the jury cannot hear it if . . . justice so requires."

Therefore, advance rulings on unduly prejudicial evidence, or other evidence properly excluded, serve the purpose of avoiding the obviously futile attempt to "unring the bell" once evidence has been offered, but is then stricken at trial. *McEwen v. City of Norman, Okla.*, 926 F.2d 1539, 1548 (10th Cir. 1991); see also *United States v. Roenigk*, 810 F.2d 809, 815 (8th Cir. 1987). Therefore, to comment upon any of the matters set forth below, or to attempt to introduce such testimony or evidence, directly or indirectly, would be highly improper and prejudicial to the moving party even if the Court were to sustain an objection thereto and properly instruct the jury not to consider the facts. Accordingly, in addition to the specifics set forth in the following motions in limine, Defendants request that the Court prohibit any reference to the fact that Defendants filed this Motion in Limine or to any ruling by the Court in response to this motion; or suggestion or implication to the jury that Defendants have moved to "exclude evidence" or to "prohibit" proof on any issue.

## ARGUMENTS & AUTHORITIES

Under the Federal Rules of Evidence, a court must first determine the preliminary question of admissibility before evidence is presented to a jury at trial. FED. R. EVID. 104(a). In order to be relevant, evidence must make the existence of any fact of consequence more or less probable than it would be without such evidence. FED. R. EVID. 401. Irrelevant evidence is inadmissible at trial. FED. R. EVID. 402. Moreover, Federal Rule of Evidence 403 permits a court to exclude otherwise relevant and admissible evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403.

## MOTION IN LIMINE NO. 1
### ALL REFERENCES TO DEFENDANTS' WEALTH SHOULD BE EXCLUDED.

Plaintiff may attempt to offer testimony, evidence, or other information—either directly

or indirectly—referencing Defendants' wealth. However, evidence of Defendants' wealth is not relevant to any of Plaintiffs' claims.[1] See FED. R.EVID. 401. Reference to Defendants' wealth is also unfairly prejudicial to Defendants and serves no legitimate purpose in the instant matter. See FED. R. EVID. 403. In *Abernathy v. Union Pacific Railroad Company*, a federal district court in Arkansas granted a defendant's motion in limine to preclude a plaintiff from commenting on the "size, wealth, or the corporate nature of Defendant unless it is relevant for purposes other than arousing prejudice." *Abernathy v. Union Pac. R. Co.*, No. 4:08-CV-04187-BRW, 2011 WL 1773087, at *2 (E.D. Ark. May 9, 2011); see also *In re Prempro Products Liab. Litig.*, No. 4:03-CV-1507-WRW, 2007 WL 4287844, at *2 (E.D. Ark. Dec. 5, 2007) (granting a defendant's motion in limine to bar evidence of the defendant's net worth and financial condition at trial)Similarly, this Court should order that all references to Defendants' wealth be excluded.

## MOTION IN LIMINE NO. 2
## THE EXCLUSION OF PLAINTIFF'S TESTIMONY THAT IS SPECULATIVE AND NOT BASED ON PERSONAL KNOWLEDGE

During the deposition of Plaintiff, he was asked about the number of hours he worked during the week and on a daily basis.  During the course of the deposition, his testimony changed.  If Plaintiff is allowed to testify regarding his hours worked per week at Davis Lumber, he should not be allowed to speculate. During his deposition, Plaintiff testified to the following:

> In Plaintiff's verified answers to interrogatories, Plaintiff swore under oath that he worked 80 hours **every week** while he worked for Defendants.  (*Doc. 29.1*, pp.58-59.)[2] Plaintiff admitted in his deposition that while he signed the verification under oath, the answer to that interrogatory was **false**.  (*Id.* at 60.)

---

[1] Defendants' annual gross receipts are relevant to establishing "enterprise coverage" under the FLSA. However, Defendants concede that "enterprise coverage" has been satisfied. Therefore, Defendants' wealth is irrelevant for all issues currently before this Court.

[2] The interrogatory response includes statements of 1-2 hours of overtime **every** morning before the managers arrived and 2-3 hours **every** evening.

> Plaintiff admits that with a few exceptions, Defendants' time clock records maintained for Plaintiff which list the hours worked by Plaintiff while employed by Defendants (*Doc. 29.3*) are the hours **Plaintiff clocked himself in and out**. (*Doc. 29.1*, pp.74-78.) These records do not show that Plaintiff worked 80 hours every week (or any week).
>
> Plaintiff changes his testimony later in his deposition to state that he worked 2-3 hours of overtime **every day, at least 5 days a week**, while he worked for Defendants. (*Id.*, p.61.)
>
> Plaintiff's Response to Defendants' Statement of Facts cites to only his testimony that he claims it was 3 hours of overtime **every** day. *(Doc. 30,* p.2, citing *Doc. 31,* p.29:10–16.) Then, it was 2.5-3 **each night** plus some on the weekends. (*(Id.,* p.2, citing *Doc. 31,* 61:6–12.)
>
> Then Plaintiff states it was **not every week** [that he worked 2-3 hours overtime each day], **but he does not know which weeks** were included. (*Doc. 29.1*, p.109.)

Plaintiff continued to vacillate throughout his deposition regarding his hours worked:

```
7    Q.    Okay.  The next one, at 6:30, you were clocked in
8          at 6:30- or you clocked in at 6:30; is that accurate?
9    A.    Yes, ma'am.
10   Q.    But the 12 p.m. is not?
11   A.    I don't remember.
12   Q.    Okay.  Is the 12:30 accurate?
13   A.    I don't – don't remember.
14   Q.    Okay.  Is the 5:15 accurate?
15   A.    It's a possibility, yes, ma'am.
16   Q.    All right.  The next day, the 6:30 is accurate; but
17         the 12 p.m. is not? Or do you know?
18   A.    I don't know.
19   Q.    All right.  The 12:30 may or may not be accurate.
20         What about the 5:00?
21   A.    I don't know.
```

(*Doc. 31*, p.8.) This testimony is speculative and mere conjecture. This testimony indicates that Plaintiff had to guess regarding hours worked and this speculative testimony should be excluded. Plaintiff should only be allowed to testify about hours worked if it is not speculation and is, rather, based on his personal knowledge See FED.R.EVID. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter").

## MOTION IN LIMINE NO. 3
### ALL REFERENCES TO PLAINTIFF'S PRELIMINARY DAMAGES CALCULATIONS (PLAINTIFF'S EXH. C)

Plaintiff intends to offer Exhibit C into evidence. However, such evidence is inadmissible hearsay and would mislead the jury or cause confusion of the issues. See FED. R. EVID. 801, 802, 805. Plaintiff's Exhibit C is an out-of-court statement—*prepared by Plaintiffs' counsel/staff*—offered to prove the truth of the matter asserted. See FED. R. EVID. 801. As such, it is inadmissible hearsay not subject to any exception. See FED. R. EVID. 803, 804; *Pelster v. Ray,* 987 F.2d 514, 525 (8th Cir. 1993). The contents of the document are based on speculation and estimates, rather than alleged actual hours worked.  It refers to weeks that Plaintiff did not work for Defendants and references an incorrect weekly wage rate that are irrelevant.  FED. R.EVID. 401.  Exhibit C also contains legal conclusions that the Court has not yet determined. References to this Exhibit would mislead the jury and cause confusion of the issues. See FED. R. EVID. 403. Accordingly, this Court should order that all references to Plaintiff's Exhibit C be excluded.

Respectfully submitted,

**LOUISE TAUSCH**
Arkansas Bar No. 86212
Texas State Bar No. 19680600
Email: ltausch@arwhlaw.com

**ATCHLEY, RUSSELL, WALDROP & HLAVINKA, LLP**
1730 Galleria Oaks Drive
Texarkana, Texas 75503
Tel 903-792-8246
Fax 903-792-5801
**ATTORNEYS FOR DEFENDANTS, RED RIVER LUMBER COMPANY, INC., and MICHAEL CRAVEN**

## NOTICE OF ELECTRONIC FILING

      I, Louise Tausch, attorney for Defendants, certify that I have electronically submitted a true and correct copy of the foregoing for filing in accordance with the Electronic Case Files System of the USDC – Western District of Arkansas, on May 20, 2024.

      */s/ Louise Tausch*
      **LOUISE TAUSCH**