IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JOSHUA HICKMAN**                                                                                           **PLAINTIFF**

vs.                                     No. 6:22-CV-6101-SOH

**TEXARKANA TRUSS, LLC,**                                              **DEFENDANTS**
**RED RIVER LUMBER COMPANY, INC.,**
**and MICHAEL CRAVEN**

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

### I. INTRODUCTION

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201 *et seq*, to recover unpaid wages. The primary issues before the Court are (1) whether Defendants failed to record and compensate all of Plaintiff's hours of work as required by the FLSA and the AMWA; (2) whether any underpayment of wages was done in subjective good faith and was objectionably reasonable; and (3) and the amount of damages owed to Plaintiff.

### II. ARGUMENT

**A. This Court Should Exclude Allegations That Plaintiff Had a Duty to Record the Hours He Worked.**

Questions or comments that imply Plaintiff should have kept a log, punched a time clock, or otherwise recorded his actual hours worked should be excluded. The FLSA requires that <u>employers</u> "make, keep and preserve such records of the persons employed by him and of wages, hours, and other conditions and practices of employment

Page 1 of 7
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Brief in Support of Plaintiff's Motion in Limine

maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator [of the Department of Labor's Wage and Hour Division] as he shall prescribe by regulation or order . . . " 29 U.S.C. § 211(c). Where an employer has not kept adequate records of wages and hours, employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. *Hobbs v. Evo Inc.,* 7 F.4th 241, 257 (5th Cir. 2021), *quoting U.S. Dep't of Lab. v. Five Star Automatic Fire Prot., L.L.C.,* 987 F.3d 436, 441 (5th Cir. 2021) ("an employer shouldn't benefit from its failure to keep required payroll records, thereby making the best evidence of damages unavailable.") Instead, the employees "are to be awarded compensation on the most accurate basis possible." *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)). A Plaintiff bears the burden of proving the extent of any uncompensated work but may satisfy that burden by "just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946).

There is no requirement under the FLSA that Plaintiff must keep any—much less accurate—records. All questions, evidence or references concerning why Plaintiff did not accurately record the hours he worked are not relevant to the issues of this case and are highly prejudicial to Plaintiff. This line of questioning would be improper in this matter because it would likely confuse the jury as to which party has a record-keeping obligation under the law.

Questions regarding whether Plaintiff kept accurate records of the hours he worked will only waste the time of the jury and Court, as the evidence is not relevant to the issues of the present case. Fed. R. Evid. 402. Even if it had any relevance whatsoever, its

Page 2 of 7
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Brief in Support of Plaintiff's Motion in Limine

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. Fed. R. Evid. 403.

### B. This Court Should Exclude Allegations That Plaintiff Had a Duty to Complain About His Pay.

As with inappropriate questions or comments that would imply Plaintiff should have recorded his hours, this Court should exclude any suggestion that Plaintiff was required to complain about his pay to be subject to the protections of the FLSA. As noted above, this kind of evidence is not relevant to the issues before this Court because Defendant had a statutory duty to record and compensate all of Plaintiff's work time. *See* Fed. R. Evid. 402. Even if it had any relevance whatsoever, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. *See* Fed. R. Evid. 403.

### C. This Court Should Exclude Protracted Discussions and Evidence of Events That Occurred Outside the Statutory Period.

This Court should exclude any reference to, evidence of, or testimony regarding Plaintiff's current employment, employment prior to his work for Defendants, or other matters that occurred outside the statutory period. Though Plaintiff will not object to basic information, such as Plaintiff's hire date, protracted discussion of events that occurred outside the statutory period will merely waste time and confuse the jury, and the discussion of such events may lead to prejudicial information being shared that is not related to the claims or defenses.

### D. References to Attorneys' Fees and Costs are Irrelevant and Unfairly Prejudicial.

An award of attorneys' fees and costs to the plaintiff is "mandatory" in FLSA cases, but only if the plaintiff prevails. 29 U.S.C. § 216(b) ("The Court shall, in addition to any

Page 3 of 7
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Brief in Support of Plaintiff's Motion in Limine

judgment awarded to plaintiff or plaintiffs, allow a reasonable attorneys' fees to be paid by the Defendant and costs of the action"). The amount of the attorneys' fee is within the discretion of the court. *See Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014). Since the awarding of attorneys' fees and costs will not be a job for the jury, any reference at all to such issues would only confuse the jury or unfairly prejudice Plaintiff. Much like argument and evidence regarding the presence of insurance is disallowed in jury trials because it is highly prejudicial and not probative, any reference to the possible award or payment of attorneys' fees and costs should be similarly disallowed as unduly prejudicial while having no probative value.

E. **All References to Offers of Settlement are Inadmissible.**

Plaintiff moves to exclude any argument or evidence regarding settlement offers and statements made during settlement discussions, or evidence related to either party's failure to participate in settlement discussions. Such offers and statements are inadmissible under Fed. R. Civ. P. 68 and Fed. R. Evid. 408. Because parties would be reluctant to enter into settlement discussions if their negotiation positions could influence the finder of fact, these offers, conduct, and statements made in connection with settlement negotiations are inadmissible. Fed. R. Evid. 408. Furthermore, any evidence of settlement offers and communications would be irrelevant, confusing, and misleading to the jury, and potentially prejudicial to Plaintiff. *See* Fed. R. Evid. 401, 402, 403.

F. **Suggestions or Allegations That Plaintiff's Work Performance was Poor or Unsatisfactory Would be Irrelevant and Unfairly Prejudicial.**

Plaintiff anticipates that Defendant may attempt to paint Plaintiff as lazy, dishonest, or otherwise bad at his job. These allegations are baseless. Regardless of their inaccuracy, these types of statements are unacceptable and highly and irreversibly

Page 4 of 7
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Brief in Support of Plaintiff's Motion in Limine

prejudicial to Plaintiff and should not be allowed at trial. Fed. R. Evid. 403. It is also irrelevant to the issues of this case whether Plaintiff was a "good" or "bad" employee during his employment with Defendant. Fed. R. Evid. 402. The only issues that are relevant are those that bear on the hours worked by Plaintiff. It is immaterial if Plaintiff was disappointing, underperforming, etc., except to the extent that Defendants allege it was dissatisfied with the number of hours Plaintiff worked. Discussion of those themes will only serve to unavoidably cause the jury to dislike Plaintiff and will not lead to a fair result. The only relevant issue is whether Plaintiff performed overtime work for which he was not paid.

### G. Suggestions or Allegations That Plaintiff Did Not Call Certain Witnesses to Testify for Any Reason Would be Misleading and Unfairly Prejudicial.

Plaintiff also asks that Defendants' counsel be instructed not to attempt to suggest or infer that some witness or person was not called by Plaintiff to testify and/or to speculate as to why a witness or person was not called to testify. To allow such commentary is irrelevant, unduly prejudicial, and must be excluded. Fed. R. Evid. 401, 402, 403. If it has any relevance, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

### H. This Court Should Exclude All Evidence and Argument Related to Whether Plaintiff's Compensation was Subjectively "Fair."

Plaintiff anticipates that Defendant may attempt to argue or introduce evidence of the "fairness" of Plaintiff's compensation, or otherwise attempt to focus the jury's attention on the amount of compensation received by Plaintiff rather than the calculation and classification of such compensation. Because there is no material dispute as to the amount of Plaintiff's compensation, such evidence could only serve to improperly direct

Page 5 of 7
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Brief in Support of Plaintiff's Motion in Limine

the jury's focus to whether the compensation was "enough" as opposed to whether it was lawful. Any attempt to describe Plaintiff's compensation as "fair" or to compare it to past compensation rates, compensation rates at other places of employment, or market rates, is far more prejudicial than it is probative, and thus should be excluded by this Court. Such lines of argument, evidence, and testimony undermine the determinations relating to willfulness that remain at issue and would constitute just the type of impermissible red herring that the Federal Rules of Evidence seek to disallow.

### I. This Court Should Exclude and Disallow Evidence or Comments Regarding Plaintiff's Counsel.

Comments regarding other lawsuits filed by Plaintiff's counsel, other clients represented by Plaintiff's counsel, or the personal or political activities of counsel for either Party are not probative of any issue to be decided by the jury. Therefore, arguments and evidence related to Plaintiff's counsel are categorically irrelevant and should be disallowed, as should any news articles, reports and/or social media postings about Plaintiff's counsel. The Court should not allow evidence or comment about Sanford Law Firm, its attorneys, its other cases, decisions by this Court in Sanford Law Firm cases, or any other extraneous information not directly related to the instant case. Any postings or activity by Plaintiff's counsel on social media, whether or not related to this case, are wholly irrelevant and should not be allowed to be mentioned in the presence of the jury.

### III. CONCLUSION

Plaintiff's Motion in Limine is intended to prevent jury confusion and ensure an efficient trial by keeping both Parties focused on the questions to be decided by the jury: namely the extremely limited issues of the number of hours worked and the damages

Page 6 of 7
Joshua Hickman v. Texarkana Truss, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH
Brief in Support of Plaintiff's Motion in Limine

owed to Plaintiff. For these reasons and for the reasons stated above, Plaintiff's Motion in Limine should be granted in its entirety.

Respectfully submitted,

**PLAINTIFF JOSHUA HICKMAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 7 of 7**
**Joshua Hickman v. Texarkana Truss, LLC, et al.**
**U.S.D.C. (W.D. Ark.) No. 6:22-cv-6101-SOH**
**Brief in Support of Plaintiff's Motion in Limine**