IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOSHUA HICKMAN                                                                  PLAINTIFF

v.                                    Case No. 6:22-cv-6101

TEXARKANA TRUSS, LLC,
RED RIVER LUMBER COMPANY,
INC., and MICHAEL CRAVEN                                                        DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Defendants' Motion for Summary Judgment.  ECF No. 27.  Plaintiff

has responded to the motion.  ECF No. 30.  Defendants have filed a reply.  ECF No. 32.  The

Court finds this matter ripe for consideration.

## I. BACKGROUND

From December 9, 2021, to July 13, 2022, Plaintiff worked full-time for Defendants as a

"yard handler" preparing loads of wood for trucks, delivering loads to customers, picking up

materials from vendors, picking up returns from jobsites, assisting customers, and cleaning the

yard.  Plaintiff's scheduled hours were from 7 a.m. to 5 p.m. on Monday through Friday, plus hours

on Saturdays.  Plaintiff claims that he was paid for all the regular hours he worked.  He alleges,

however, that he was regularly required to work outside his scheduled hours, which were often,

but not always, unrecorded and uncompensated.  According to Plaintiff, he was sometimes

required to arrive at work early or work extra on weekends but more often was required to stay

after work in the evenings.  Plaintiff also claims that Defendants failed to include bonus amounts

in his regular rate of pay when calculating his overtime pay.

Defendants maintained documentation of Plaintiff's hours via time clock records.  Plaintiff

was responsible for clocking in and out.  Plaintiff did not keep any personal records of the alleged

additional hours worked for which he was not compensated.  Plaintiff testified that most of the time clock records listing the hours worked by Plaintiff are hours that Plaintiff clocked himself in and out.  In some instances, however, Plaintiff explained that he would return to work to drop off the truck after the building was closed for the day and was unable to clock out.  When this happened, Plaintiff would simply verbally report his hours to a manager, who wrote them down.

Plaintiff admits that he was paid for all the regular hours he worked and all overtime hours that appeared on his time clock entries.  He maintains that these records were "frequently not accurate" because they did not reflect all the overtime hours he worked.  ECF No. 30, ¶ 6.  Plaintiff testified that he worked two and one-half (2.5) to three (3) hours of overtime every day, except for the occasional day every few weeks when he called in and said he needed to get off work early or that he was tired.  He also testified in the same deposition that he was scheduled to work approximately fifty hours per week but worked at least twelve hours per week outside of those scheduled hours.  However, Plaintiff confusingly stated that he did not work these twelve unscheduled overtime hours every week and could not identify which days of which weeks he did work those twelve extra hours.

Plaintiff testified that his supervisor, Scotty Smith, could identify more specifically which weeks Plaintiff worked overtime hours for which he was not paid.  However, Smith states in his affidavit that Plaintiff received "all of his pay for all of the overtime hours he worked."  ECF No. 29-6, ¶ 13.

Plaintiff received monthly bonuses from January to June 2022, and the bonuses were for different amounts each time.  The bonuses were paid to Plaintiff in the middle of each month for the previous month.  In December 2021, Plaintiff did not receive a bonus.  According to Plaintiff, Smith determined who received bonuses.  However, Smith stated that the bonuses were subject to

the discretion of upper management and were only a possibility.  Plaintiff admitted that not everyone received a bonus.  Plaintiff testified that he did not know how the bonuses were calculated but believed they were based on performance.  Smith explained that the bonuses depended on several factors and were only a possibility.  Plaintiff testified that he expected a bonus but knew he might not receive one.  Smith stated that he explained to new hires that the bonuses depended on several factors, including store performance, the absence of major maintenance costs, the absence of major material costs or fluctuations, and the employee's work performance.

On September 15, 2022, Plaintiff filed his complaint alleging Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, et seq.  Plaintiff contends that he was not paid for all overtime work performed and that Defendants failed to include his bonus amounts in his regular rate of pay when calculating his overtime pay.  Defendants have moved for summary judgment, arguing that Plaintiff has not produced sufficient evidence to support these claims.

## II.  LEGAL STANDARD

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted).  A fact is material only when its resolution affects the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Id*. at 252.  "There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Zimmerli v. City of Kansas City, Missouri*, 996 F.3d 857, 862-63 (8th Cir. 2021) (quotation omitted).

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). "The party moving for summary judgment generally has the burden of demonstrating the absence of any genuine issues of material fact." *Zimmerli*, 996 F.3d at 863. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

### III.  DISCUSSION

Plaintiff brings claims under both the FLSA and the AMWA.  The FLSA and the AMWA provide the same overtime requirements, and thus the Court will interpret them similarly.  *See Helmert v. Butterball, LLC*, 805 F. Supp. 2d 655, 663, n.8 (E.D. Ark. 2011).  Keeping this in mind, the Court will first address Plaintiff's overtime claim.  Second, the Court will address Plaintiff's claim regarding Defendants' alleged failure to include bonus amounts in his regular rate of pay when calculating his overtime pay.

#### A.  Overtime Claim

Plaintiff claims that Defendants did not pay him for all overtime work performed.  For work in excess of forty (40) hours per week, the FLSA requires employers to pay employees overtime wages no less than one and one-half (1.5) times their regular rate of pay.  29 U.S.C. § 207(a)(1).  Ark. Code An. § 11-4-211(a).  "An employee who sues for unpaid overtime 'has the burden of proving that he performed work for which he was not properly compensated." *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)).  This evidentiary burden cannot be satisfied by an employee's general and vague recollections of the work he performed.  *See Holaway*, 771 F.3d at 1058-60.  A

4

plaintiff must provide a meaningful, consistent explanation of the hours the plaintiff claims to have worked. *Id.* at 1060. This explanation must include "details which would allow a jury to determine" that the plaintiff worked the claimed overtime. *Id.* "[U]nsupported estimations of the unpaid hours are not enough." *Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 407 (8th Cir. 2013).

The question before the Court is this: Based on the evidence in the record, could a rational juror conclude that Plaintiff performed overtime for which Defendants failed to pay? Plaintiff's testimony regarding the number of overtime hours he worked for which he was not compensated is conclusory, vague, and based solely on his memory. He stated in his deposition that he worked two and one-half (2.5) to three (3) hours of overtime every day but also that he did not work this much overtime every week and rarely on Saturdays. He also stated that he worked forty-five to fifty hours per week or about five (5) to ten (10) hours of overtime a week. Plaintiff's memory-based evidence is not consistent enough or specific enough to satisfy the standards set out in *Holaway* and *Carmody*. Plaintiff has not provided any documentary evidence to support these time estimates or any testimony from co-workers or others who could corroborate his work hours. While Plaintiff has offered only bare assertions of overtime hours, Defendants have put forth documentation of the precise dates and times when Plaintiff worked. Because Plaintiff has not provided a meaningful, consistent explanation of the overtime hours he claims to have worked, the Court finds that a rational juror could not conclude that Plaintiff performed overtime for which Defendants failed to pay.

**B. Bonus Claim**

Plaintiff contends that Defendants violated the FLSA and AMWA by not including his bonus amounts in their regular rate of pay when calculating his overtime pay. "An employee's

'regular rate' of pay is the basis on which overtime compensation is computed under the FLSA." *Abbey v. U.S.*, 99 Fed Cl. 430, 438 (2011). "The FLSA requires an employer to pay an employee overtime for hours worked in excess of forty hours 'at a rate not less than one and one-half times the regular rate at which he is employed.'" *Id.* (citing 29 U.S.C. § 207(a)(1)).

The FLSA divides bonuses into two categories: discretionary and nondiscretionary. Discretionary bonuses are not included in the regular rate of pay and thus have no effect on employee overtime compensation. 29 U.S.C. § 207(e)(3)(a); 29 C.F.R. § 778.211(a). Nondiscretionary bonus payments must be included in an employee's regular rate of pay and thus these payments increase the employer's potential overtime liability. *Id.*

For a bonus to be excluded from the regular rate of pay under 29 U.S.C. § 207(e)(3), four requirements must be met: (1) "'[t]he employer must retain discretion as to whether the payment will be made;' (2) '[t]he employer must retain discretion as to the amount;' (3) '[t]he employer must retain discretion as to the payment of the bonus until near the end of the period which it covers; and' (4) '[t]he bonus must not be paid pursuant to any prior contract, agreement, or promise.'" *Abbey*, 99 Fed. Cl. at 438 (quoting *McLaughlin v. McGee Bros. Co.*, 681 F. Supp. 1117, 1133 (W.D.N.C. 1988).

Here, Plaintiff admits, and Smith confirms that not every employee received a bonus every time the bonuses were handed out. Plaintiff testified that he expected a bonus but knew he might not receive one. Plaintiff's bonus amounts ranged from $125.00 to $500.00 and were paid in the middle of each month for the previous month. There is no evidence that Defendants contracted, agreed, or promised Plaintiff a monthly bonus.

The fact that Smith stated that the bonuses were "subject to the discretion of upper management," ECF No. 29-6, ¶ 12, does not conclusively determine whether the bonuses payments

are excludable discretionary bonuses.  However, there is some evidence in the record to support this statement, such as the facts that not every employee received a bonus every month and that the amounts differed each month.  Plaintiff, on the other hand, has failed to provide any evidence to support his contention that the bonuses were nondiscretionary.  Accordingly, the Court finds that that a rational juror could not conclude that Defendants violated the FLSA and AMWA by not including his bonus amounts in their regular rate of pay when calculating his overtime pay.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion for Summary Judgment (ECF No. 27) should be and hereby is **GRANTED**.  Accordingly, this case is **DISMISSED WITH PREJUDICE**.  A judgment of even date shall issue.

**IT IS SO ORDERED**, this 21st day of May, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge